Reese v. Hamilton.

GEORGE M. REESE, EX'OR, v. JOHN R. HAMILTON.

Art. 804 Hart. Dig. does not exempt executors and administrators from giving bond in order to obtain a certiorari to a Justice's Court; and there is no other statute, making such exemption.

Appeal from De Witt. Tried below before the Hon. Fielding Jones.

Petition of George M. Reese, "executor of the last will and testament of William Cox, deceased," for a certiorari to bring up a case from the District Court. The ground was, that Hamilton had presented a claim for $96, which petitioner allowed for $45 and rejected for the balance; that the claim was presented to the Chief Justice, and approved by him for the $45. That more than three months after the partial rejection of said claim, Hamilton sued petitioner for the whole amount, before the Justice; that petitioner pleaded the limitation of three months, but the Justice overruled the defence, and gave judgment for Hamilton for $81 and costs. Certiorari ordered to issue, upon the petitioner executing bond in the terms of the statute. There was a certified copy of the proceedings before the Justice, in the record, but it did not appear how it came there. Hamilton waived citation to him, and filed a motion at the return Term, to dismiss the petition for want of a bond; which was sustained.

*S. C. Lackey*, for appellant. I. It is true that the statute, directing the mode in which the writ shall issue, makes no exception in favor of executors and administrators; (Hart. Dig. Art. 1753;) but it is believed that that article does not refer to parties acting in a fiduciary capacity, especially those litigating for the benefit of estates, but only to parties litigating for personal rights. It has been held that an executor cannot contract a debt to bind an estate, (McKinney v. Peters, Dallam, 545.) And if the executor was contracting in a representative, and not in a personal character, he would not be bound. (Perry v. Booth, 7 Tex. R. 493.) Consequently a bond would be perfectly useless, and the law would not require it.

II. Again, suppose the executor had given bond and security and the judgment of the District Court had been in favor of the appellee, how would the judgment be entered? Would it be against the executor and his sureties on the bond? Or that the plaintiff recover his debt, &c., to be paid in due course of administration. That the judgment should be rendered in the latter mode, reference is made to Hart. Dig. Art. 772; Davis v. Thomas, 5 Tex. R. 389; Bason v. Hughart, 2 Id. 476; and the law requiring judgment to be entered in accordance with Art. 772, Hart. Dig., it would be error to render it in any other manner; and if the judgment should be rendered against the estate, then it would be idle and useless to require from the executor, a bond in which he did not bind himself, and could not bind the estate of his testator.

III. It is contended that Art. 804, Hart. Dig., has reference as much to cases taken to District Court by writ of certiorari, as by appeal; and the Supreme Court have construed that article to exempt executors from the necessity of giving bonds in appeal cases; (Ennis & Reynolds v. Crump, 6 Tex. R. 34;) and the 123d Section of the Act of March 20th, 1848, relating to proceedings in the County Court pertaining to the estates of deceased persons, requiring appeal bonds when cases are removed from Probate to the District Court, is quite as strong in its terms as the 67th Section of the Justice Court Act, in regard to the removal of cases to the District Court by certiorari. (See Battle v. Howard, 13 Tex. R. 345.)

*W. S. Glass*, for appellee.

WHEELER, J. The statute is express and positive, that no writ of certiorari shall be issued unless the party applying shall first give bond, &c. (Hart. Dig. Art. 1753.) The law makes no exception, and none has been recognized in practice. The provision of Art. 804, of the Digest, is made expressly to apply to costs and appeals, and does not include a proceeding by certiorari; which is not, like an appeal, a matter of right, and of course there is no more authority of law for awarding a certiorari, in favor of an executor or administrator, without requiring the party to give bond, than for awarding any extraordinary writ—a sequestration or attachment—in favor of such party, without the bond required by the statute. The Court would not be warranted in making the case of an executor or administrator

an exception, by judicial construction, to the peremptory mandate of the statute. The *fiat* of the judge very properly made the giving of the bond a condition precedent to the issuing of the writ; and the party having failed to give the bond as required, there was no error in dismissing the petition. The judgment is affirmed.

Judgment affirmed.