JAMES B. HARPER, ADMINISTATOR, v. STROUD & TRAMMELL.

1. ASSIGNMENT OF ERROR.—On appeal from an order of the District Court approving a claim against an estate, it is a sufficient assignment to allege that the court erred in approving the claim.

2. PRACTICE IN DISTRICT COURT IN PROBATE MATTERS.—See this case for discussion of mode of procedure in urging and resisting claims presented for allowance against estates.

3. APPEAL IN MATTERS OF PROBATE.—An administrator may appeal from an order of the District Court approving a claim which he has allowed, and which he wishes to controvert for reasons subsequent to such allowance.

4. FRAUDULENT ALTERATION OF PROMISSORY NOTE.—The fraudulent addition of a name to a promissory note by the holder after the death of one of the makers, and after his administrator has allowed the claim, may be urged by such administrator against the approval of such note as a claim against the estate; and such alteration is good ground for disapproval; and on appeal the action of the District Court will be revised, and the order disapproving such claim be made in this court on testimony showing such fraudulent addition of such name.

APPEAL from Rusk.  Tried below before the Hon. J. B. Williamson.

*James H. Jones*, for appellant, cited 1 Greenl. Ev., §§ 565, 568; Park *v.* Glover, 23 Tex., 472; 1 Chit. on Cont., 784, 6th Am. ed.; 2 Pars. on Cont., 716, 5th ed.; Wallace & Park *v.* Jewell, reported in 8 Am. R., 48, and cases cited.

· *Martin Casey*, for appellees, cited Elliot *v.* Mitchell, 28 Tex., 112; Earle *v.* Thomas, 14 Tex., 593; Howard *v.* Colquhoun, 28 Tex., 143; Garner *v.* Cutler, 28 Tex., 184; League

*v.* Journeay, 25 Tex., 172; Bird *v.* Pace, 26 Tex., 490; McDonald *v.* Morgan, 27 Tex., 504; Gilliard *v.* Chessney, 13 Tex., 337; Chevaillier *v.* Denson, 8 Tex., 440.

*W. W. Morris*, also for appellees.

GOULD, ASSOCIATE JUSTICE.—This is an appeal by the administrator of the estate of P. B. Turner, deceased, from an order of the District Court of Rusk county approving a claim against said estate. The assignment of error is in substance that the court erred in approving the claim, and is objected to by appellee as not being sufficiently specific. It is not suggested or perceived in what way the error relied on could have been more definitely pointed out. Like the report to grant a new trial when a verdict is rendered against the evidence, the nature of the case does not admit of a more specific designation of error, and the assignment is therefore sufficient.

The appellee further contends that this is a case of conflicting testimony, and invokes the rule that in such cases the verdict of a jury, or the finding of a court substituted by the parties for a jury, will not be disturbed. We think it clear that, under the law as it was in January, 1872, when this order was made, neither the party asking the approval of a claim nor the person opposing it were entitled to a jury. The act of May 27th, 1873, giving to every party interested in the estate or administration a right to a jury on every question of disputed fact, was not then in force, and it is unnecessary to consider what may be its effect in such cases. (Gen. Laws of 1873, p. 109.) The statute (2 Pas. Dig., art. 5664) provides that: "Although a claim be properly authenticated and allowed, if the court be not well satisfied that it is just, it should send for persons and papers, and may examine the claimant and the executor or administrator under oath. If the court be not entirely convinced in such case, by evidence other than the testi-

mony of the claimant, that the claim is just, it shall be disapproved." In a previous section it is enacted that "claims may be referred to an auditor, and the action of the court may be had on his report." (Art. 5660.) It would seem clear from these provisions of the statute that not only is this not a case for the application of the rule invoked, but that inasmuch as the District Court is required to disapprove a claim unless "entirely convinced" of its justness, this court should now direct such order of disapproval to be entered, unless the evidence were such as in our opinion should have produced such entire conviction, due allowance being made for the superior opportunities of the court below to ascertain the truth. The object of this enactment would seem to be to give each party, in cases of any doubt, an opportunity to have the claim passed upon by a jury. If the claim is disapproved, the claimant has the right to bring suit then within ninety days, and is burdened with no additional proof to establish the justness of his claim because of the disapproval. If the claim is opposed, there is no corresponding right on the part of the administrator or other person interested in the estate. The approval of the claim has the force and effect of a judgment, and under the probate law of 1848 he could only get relief by showing not only the invalidity of the claim but also some equitable reason, such as fraud, accident, or mistake for setting aside the allowance and approval. (Eccles v. Daniels, 16 Tex., 136.) No question has been made in this case as to the right of appeal from such order under the present probate law, and we think that right secured by the statute to any person interested in the estate, not excepting the administrator who has allowed a claim and afterwards sees fit to contest its approval. (Pas. Dig., art. 5783.)

We are of the opinion that the evidence in the court below was not such as justified the court in affirming the claim.

The claim was founded on a note, as follows:

"$2,500.                        HENDERSON, *Jan'y 12th*, 1860.

"By the first day of January next, we or either of us promise to pay G. W. Trammell, or bearer, the sum of twenty-five hundred dollars, with interest at twelve per cent. per annum from date, for value received—cash borrowed.

(Signed)          "TURNER & HARPER,
                  "M. C. TURNER,
                  "WADE H. TURNER."

Indorsed: "TURNER & HARPER, and
          "M. C. TURNER.
          "Note $2,500."

To this note was attached the following authentication:

"THE STATE OF TEXAS,  ⎱
  "*County of Rusk.*  ⎰

"This day personally appeared before me, Bennett Smith, Chief Justice of said county, G. W. Trammell, well known to me, and being duly sworn, deposeth and saith that the above-attached note for twenty-five hundred dollars, dated January 12th, 1860, and due on the first day of January, 1861, and signed by Turner & Harper, and by M. C. Turner, is just and unpaid, after all legal offsets, payments, and credits have been allowed.

                         "GEO. W. TRAMMELL.

"Sworn to and assigned before me this 11th day of March, 1861.

                         "BENNETT SMITH,
                              *Chief Justice.*"

This was also indorsed: "Turner & Harper and M. C. Turner. Note $2,500."

Also indorsed: "I accept the above note, to be paid in due course of administration out of the estate of P. B. Turner, he being one of the firm of Turner & Harper, the makers of the note.

"March 11th, 1861.            "JAS. B. HARPER,
     "*Adm'r of the estate of P. B. Turner, deceased.*"

Prior to the action of the court on this claim, which was at the December term, 1871, the administrator, Harper, filed a paper asking the court to disapprove the claim, and also to set aside his allowance thereof, alleging that since he had allowed it the name of Wade H. Turner had been fraudulently added thereto, without his knowledge or consent, and, as he believed, without the knowledge or consent of said Wade H. Turner; also objecting to the authentication as not in conformity with the statute then in force.

On behalf of the claimant, three witnesses testified to the handwriting of the signature of Wade H. Turner. On the other hand, Wade H. Turner himself denied the signature as his, or as made by his authority. The administrator, Harper, who·was one of the original makers, testified that the signature of Wade H. Turner was not made at the time the note was given, nor was it on the note when he or administrator approved it. J. N. Still testified that at the time the claim was probated he was county clerk, and indorsed on the authentication the names of the indorsers of the note, and that the indorsement contained all the names then on the note. The indorsement on the note itself was proved to be in the handwriting of the payee, Geo. W. Trammell. Several witnesses testified that the signature was not in the handwriting of Wade H. Turner, and various specimens of his signature were in evidence, and, together with the original note, form part of the record sent up.

The record discloses the fact that in 1866 G. W. Trammell, jr., brought suit on this note against Harper and M. C. and Wade H. Turner. Harper plead his discharge in bankruptcy. Wade H. Turner plead *non est factum*, and on that issue the jury found in his favor, but found against M. C. Turner, against whom, on the trial a few weeks prior to the beginning of these proceedings, judgment was rendered for the full amount of note and in-

terest. It is not perceived that these proceedings have any bearing on the case before us.

. It is not necessary to set forth the evidence more fully; nor is it deemed desirable to do more than announce our conclusion that, upon this evidence, the claim should be disapproved, leaving the claimant any right given him by the statute had the original action of the District Court been to disapprove it.

This conclusion is not based on the fact that the authentication was not in literal conformity with the requirements of the statute in force in 1871–'72. It is believed that it embodied the same substance; and as the familiar form used in this case, and which has been in use for many years, has again been restored, it is not proposed to notice this objection further. (Laws of 1873, p. 113.) See Walters v. Prestidge, 30 Tex., 65, as to the comprehensiveness of this form.

It is stated in the appellants' brief that the court below held that, even if the signature of Wade H. Turner was not genuine, and was added without the consent of the original makers, or was added after the allowance, without the consent of the administrator, the alteration was not material, and did not affect the validity of the note.

The general rule is, that an instrument which has been fraudulently altered in a material part is thereby rendered void, and will not support an action. (Park v. Glover, 23 Tex. 472.)

It may also be regarded as settled "that any alteration of an instrument which causes it to speak a language different in legal effect from that which it originally spoke, is a material alteration." (Park v. Glover, 23 Tex., 472; 1 Greenl. Ev., § 565.)

We think the modern authorities, with but few exceptions, agree that the addition by the payee or holder of the name of a person, as a joint and several maker of a note, after it has been completed, issued, and negotiated,

without the consent of the original makers, discharges them from liability on the note. (Gardner v. Walsh, 5 Ell. & Blackb., 84, overruling Cotton v. Simpson, 8 Adolph. & Ellis, 136; Wallace & Park v. Jewell, as reported in 8 Am. Rep., 48, and authorities there cited; Master v. Miller, 1 Smith's Lead. Cases, 956; 2 Pars. on Notes and Bills, 856; Thomp. on Bills, 112; 17 Ind., 162; 20 id., 139; 19 Iowa, 521; 53 Maine, 12; 9 B. Monr., 8; 23 Barb., 584.)

In Gardner v. Walsh, above cited, Lord Campbell says that "the original maker is, on principle and authority, discharged, whether the alteration be or be not to his prejudice." The opposite opinion probably originated in the idea that an alteration not prejudicial to the maker is not as to him material.

The rule is believed to be founded in reasons of public policy, looking to the preservation intact of instruments of evidence for the benefit of all parties interested therein. (Add. on Cont., 1081; Davidson v. Cooper, 13 Mees. & Well., 352; Broughton v. West, 8 Ga., 248.)

The test as to whether the alteration be prejudicial to the maker is not recognized in regard to other alterations of negotiable or other legal instruments. (Woodworth v. Bank of America, 19 Johns., 422; 1 Smith's Lead. Cases, 956.)

The case of the Montgomery Railroad v. Hunt, 9 Ala., is opposed to the authorities cited above. It has been well observed, in criticising that case, that the court admits that the identity of the instrument was destroyed by the addition, although holding that it did not invalidate the note. (Chappell v. Spencer, 23 Barb., 484.)

It is not perceived that this case is materially affected by the fact that this alteration was perhaps made, if made at all, after the claim was allowed by the administrator, nor by the fact that the approval was asked in behalf of the payee's estate after his death. The approval of the court

can only be given to a claim valid at the time of approval. The note, if it has been rendered void by material alteration, is no longer a just claim. The consideration for which the note was given may, perhaps, still constitute a valid claim, if not barred by limitation, but certainly the claim which has been presented for approval is the note, not any debt which may have been its consideration.

We cannot mistake the settled rules of law because their application may appear somewhat harsh; "but whenever they apply they must, for the sake of uniformity and certainty, be rigidly adhered to." (19 Johns., 422.)

In accordance with the foregoing opinion it is ordered that the judgment in this case be reversed, and that the claim on file, based on the note and authentication set forth in this opinion, be disapproved.

REVERSED.