No. 8,016. Department Two.—May 14, 1884.

# IN THE MATTER OF THE ESTATE OF GEORGE PARSONS, DECEASED.

ADMINISTRATION—CONTEST OF WILL BY ADMINISTRATOR—ATTORNEY'S FEES NOT A CHARGE AGAINST THE ESTATE. — It is no part of the duty of an administrator to contest the probate of a will, and the fees paid an attorney at law for services in such contest is not a proper charge against the estate.

ID. — SETTLEMENT OF ADMINISTRATOR'S ACCOUNT — ALLOWANCE OF ITEMS NOT PAID. — In the final settlement of an administrator's account it is not error for the court to adjudicate upon items in anticipation of payment, such as clerk's fees and the like.

ID. — It is error for the court to find that certain sums had been paid for the redemption of real property belonging to the estate from a tax sale, when there is nothing in the account or report, or any of the proceedings, upon which to base such finding.

ID. — In an order settling the administrator's account the court adjudged that all the items allowed and not paid were a lien and charge upon the property of the estate. Held, that the order could produce no injury to any one.

APPEAL from a judgment of the Superior Court of Santa Cruz County.

The facts are stated in the opinion of the court.

*C. B. Younger*, and *J. M. Lesser*, for Appellants.

*F. J. McCann*, and *J. H. Skirm*, for Respondent.

MYRICK, J.—This is an appeal from an order settling an account of an administrator.

1. J. W. Parsons was appointed administrator, and subsequently thereto a document was offered for probate as the will of deceased. Said J. W. Parsons contested the probate of the document and the court adjudged it not to be the will of said deceased. In and about such contest, said J. W. Parsons employed attorneys (the same who were acting for him as administrator), and for their services in the contest they charged one thousand dollars. This item is not a charge against the estate; it was the affair of the heirs, as such, to contest, if they wished, the probate of the document—not of the administrator. The latter is an officer to administer the estate for the benefit of those interested, leaving interested parties to settle their own differences.

2. Objection is made that the court erred in adjudicating upon certain items, clerk's fees and the like, in anticipation of pay-

ment. We see no error in this prejudicial to the interests of the estate.

3. The court found that one hundred and twenty-two dollars was due one Thurber for money paid for redemption of real estate from tax sale. There is nothing in the account or the report accompanying the same, or in any of the proceedings, upon which to base this finding; therefore it had no proper place in the order of settlement.

4. In the order settling the account, the court, referring to the above items and certain others not paid, adjudged that they "are a lien and charge upon the property of said estate." This, may not be technically accurate, but as it works no injury to any one we do not think it necessary to observe further upon it.

The cause is remanded with instructions to decree a settlement of the account not inconsistent with this opinion. In other respects the order is affirmed, with costs to appellants.

SHARPSTEIN, J., and THORNTON, J., concurred.

Hearing in Bank denied.