B. B. MAYES ET AL. v. JNO. A. B. JONES.

(Case No. 1752.)

1. JUDGMENT AGAINST HEIR FOR DEBT OF ANCESTOR.— A proceeding against the heir to subject assets inherited to the payment of a debt due from the ancestor is a proceeding *in personam*. To the extent of property inherited the heir is liable, but it is error to order the sale of specific land inherited from the ancestor to satisfy a judgment rendered in such a suit. Citing State v. Llewellyn, 25 Tex., 799, and Webster v. Willis, 56 Tex., 468.

ERROR from Wilson. Tried below before the Hon. Everett Lewis.

W. E. Goodrich, J. B. Polley and B. F. Ballard, for plaintiffs in error.

No briefs on file for defendant in error.

WILLIE, CHIEF JUSTICE.— The object of this suit was to subject property in the possession of the heirs of Mrs. Mary A. Mayes, deceased, and derived by descent from her, to the payment of a debt due the appellee from the estate of the deceased. Of the eight heirs who were sued, only two, viz., R. E. L. Mayes and Ida Devereux, insisted upon any defense to the action, and they pleaded a general demurrer and the statute of limitations.

There is no statement of facts in the record, but the decree of the court shows that the plea of the statute of limitations was sustained, as to all the claim sued on, with the exception of the sum of $787,

and for that amount judgment was rendered against the heirs who had pleaded limitation. Judgment was further rendered against the other heirs for $1,558, the total amount claimed by the plaintiff, including as well that which was, as that which was not barred by limitation; the court, however, directing that upon the payment of this sum the amount decreed against the two heirs above mentioned should become fully satisfied. It was further provided in the decree that the payment of one-eighth of the $787, by Ida Devereux or R. E. L. Mayes, should release the party paying from any further liability under the decree; and the payment of one-sixth of the $1,558 by either of the other heirs should be a satisfaction of the judgment so far as that heir was concerned.

The court, having found that the heirs were in possession of a tract of land lying in Wilson county, descended from Mrs. Mary A. Mayes, ordered its sale in satisfaction of the judgment; and having made provision for the protection of a minor defendant, R. E. L. Mayes, declared the decree to be a lien upon the above property, and directed that neither of the defendants should be liable under the decree beyond the property descended to them from their deceased ancestor.

It will be seen that the whole amount of the plaintiff's recovery is $1,558, of which the sum of $196.75 was absolutely adjudged in the first place against the two heirs who defended the suit. The other heirs were therefore liable for the balance of the recovery after the $196.75 had been deducted from it. But the court rendered judgment against these six heirs for the entire $1,558, or against each of them for the sum of $259.66. This was clearly erroneous, and was probably an oversight in making up the decree. The judgment against them should have been for $1,361.25 in the aggregate, and against each for the sum of $226.87½.

We think that the court also erred in foreclosing a lien upon the Wilson county land and in decreeing its sale in satisfaction of the judgment. Our statute does not give any creditor a lien upon any specific piece of property of the deceased debtor by reason of its descent to his heirs. The entire creditors of the deceased have the right to subject such property to the payment of their debts; and to that end they, or any one of them, may sue the heirs for the debt, and obtain judgment to the extent of the property received by the heirs from their deceased ancestor. The suit is *in personam,* and the heir may show in defense that he has received no assets by descent, and prevent any recovery whatever against himself, or limit the recovery to the amount so received. The judgment when recovered is con-

clusive of the fact that the heir has received assets to the amount
for which it is rendered, and an execution issues upon it as in case
of any other judgment *in personam.*

The essential fact to be alleged and proved is the receipt of assets
by the heir, and to such extent as they are proved to have come into
his possession, judgment goes against him, to be satisfied of any
property of the heir liable to execution.

Such is the result of the decisions of this court upon statutes dif-
fering from that now in force in no important particular. State *v.*
Llewellyn, 25 Tex., 799; Webster *v.* Willis, 56 Tex., 468.

The judgment below must therefore be reversed and so reformed
as to allow the appellee Jones a recovery against Ida Devereux and
R. E. L. Mayes, each for the sum of $98.37½, and against the other
defendants each for the sum of $226.87½, to be enforced by execu-
tion alone against the general property of said defendants as in case
of other personal judgments. In all other respects the judgment
below is affirmed.

                                                  REVERSED AND REFORMED.

[Opinion delivered November 11, 1884.]

