## R. C. HOUSTON v. ESTATE OF MARY A. MAYES.

(Case No. 5838.)

1. ESTATES OF DECEDENTS—WITHDRAWAL FROM ADMINISTRATION—PARTITION—DISTRIBUTEES—PRACTICE—A majority of the persons entitled to portions of the estate of a decedent filed an application in the county court to withdraw the estate from administration, and asked that the property be delivered to one of their number. The prayer was granted by the county court over the objection of the administrator, who appealed. In the district court the same judgment was rendered, and an additional order made that the administrator be discharged, though there was no prayer to that effect. *Held:*

(1) It is not clear from art. 1966, R. S., whether the delivery is to be made only to such persons as apply for a withdrawal of an estate from administration, or to each of the distributees of the portion to which he is entitled.

(2) If the court disposed of the whole estate to the party giving the bond, with the concurrence of the other heirs, and the creditors were secured by the statutory bond and lien, the administrator had no right to complain.

(3) If any of the heirs objected to the disposition made of the property, they themselves should have made their objections at the time and in the manner provided by statute.

(4) The statute does not seem to contemplate that a partition of the estate shall be made before its withdrawal from administration, unless demanded in writing by some one entitled to a portion of it.

(5) The heirs, by failing to object to the delivery of the estate to one of their number did not waive the right to have partition, and could still demand it.

(6) On the withdrawal of the estate from the court, it was the duty of the judge to discharge the administrator without a prayer to that effect.

APPEAL from Wilson.    Tried below before the Hon. Geo. Mc-Cormick.

The opinion states the case.

*B. F. Ballard,* for appellant.

*J. B. Polley* and *W. E. Goodrich,* for appellee, cited:  R. S., arts. 1817, 1843, 1844, 1964, 1966, 1968, 1972, 2058, 2135; Headley *v.* Good, 24 Tex., 232.

WILLIE, CHIEF JUSTICE.—An application was filed in the county court of Wilson county, under Revised Statutes, Ch. 14, Title 37, to withdraw from administration the estate of Mrs. Mary A. Mayes, deceased.    This application was concurred in by a large majority of the persons entitled to portions of the estate, and their request was that the property should be delivered to E. D. Mayes, one of their number. This request was granted by the county court over the objections of the administrator, R. C. Houston, and from this judgment of the county judge, he appealed to the district court.  Upon a trial *de novo* in the district court, judgment was rendered as in the court from which the appeal was taken, and an additional order made that the administrator be discharged, and the estate closed.

From this decree, the administrator alone appealed.    He complains that the court erred in ordering him to deliver to E. D. Mayes the whole estate, instead of the portion to which he was entitled; that the court did not order a partition of the estate before delivering any of it to E. D. Mayes, and that it discharged the administrator without a prayer to that effect in the pleadings.    The provisions of the chapter

we have cited are, in one respect at least, different from the law of 1876, from which they are taken. They require that when the bond provided for in article 1965 has been given and approved, the court shall enter an order upon the minutes directing and requiring the executor or administrator to deliver forthwith to the person or persons entitled to the estate, executing the bond, the portion or portions of the estate to which he or they are entitled. See Article 1966. The law of 1876 did not require that this delivery should take place until after partition upon application of one or more of the distributees. It is not clear from the statute whether the delivery is to be made to only such persons as apply for a withdrawal of the estate from administration, or to each of the distributees the portion to which he is entitled. It is not important upon this appeal that we should settle that question. If the court had disposed of the whole estate to the party giving the bond, with the concurrence of the other heirs, the administrator had no right to complain. An estate is administered for the purpose of satisfying the claims which may be held against it out of its assets, and passing what remains after this is done to the heirs, devisees and legatees of the decedent.

When both these classes are satisfied the administrator, who manages the estate in their interest, has no reason to be dissatisfied for any supposed injustice done them. The bond required under Art. 1965 protects creditors. It is in double the amount, and the court sees that it is executed by solvent sureties. Art. 1969. They are further protected by having a lien upon all the estate in the hands of the distributees, and those claiming under them with notice of such lien, to secure the ultimate payment of the bond. Art. 1968. The law substitutes these remedies in place of those they would have had against the administrator, and in doing so provides more ample security for their debts than they otherwise would have had.

As to the heirs, if they all consent to the disposition of the estate made by the court, whether it be given to one or to all the parties entitled to it, there can be no complaint on the part of any of them with the action of the court. If some do not consent and are dissatisfied, such heirs should make their objections at a proper time and in a proper manner. Art. 1818 of the Revised Statutes provides that any person interested in an estate may, at any time before any applications or other proceeding is decided upon by the court, file opposition thereto in writing, and shall be entitled to process for witnesses and evidence, and to be heard upon such opposition as in other suits. The parties entitled to share in the estate who are opposed to its withdrawal, should have filed their opposition thereto either in the county or the

district court. They would then have been entitled to be heard in contest of the action asked by the applicants, and in case the decree was against them, they could have appealed to the revising tribunal. But they put in no appearance below, and the cause was tried between the applicants and the administrator alone. They did not even join in the appeal, if indeed they had any right to do so under the circumstances; but the administrator set up in the district court defences for them which they had not pleaded, and assigns errors for them here which they do not insist upon themselves. As the rulings of the court below, even if erroneous, are such as he, in his capacity of administrator, cannot complaim of, and which the only parties who could object do not question, they must be allowed to stand. This would dispose of the objection that no partition of the estate was made; but it is proper to say in reference to that matter that the statute does not seem to contemplate that a partition of the estate shall be made before its withdrawal from administration, unless demanded in writing by some one entitled to a portion of the estate. The demand at one time made for a partition was withdrawn by the applicants before the order of court delivering the estate to E. D. Mayes was entered.

It was difficult to understand how the portion of each heir could be assigned to him without a partition; but as the whole estate was delivered to E. D. Mayes without objection by the heirs, the necessity for a partition was removed. The right to it, however, still exists. The heirs, by failing to object to the delivery of the estate to one of their number, did not waive their right to have the partition. This was something that could not take place, except upon their request. It was not matter in issue in the contest relative to withdrawing the estate from administration, and was not decided in that proceeding. Parties entitled to any portion of the estate may yet have a partition and have their interests delivered to them. The discharge of the administrator was not asked in the pleadings, nor was it necessary that it should have been. The statute required the court to discharge him and to close the administration when it was withdrawn from the court, and it was the duty of the judge to make this order without a prayer to that effect. Art. 1972.

There is no error in the judgment and it is affirmed.

AFFIRMED.

[Opinion delivered May 21, 1886.]