### R. C. HOUSTON ET AL. V. E. D. MAYES.
#### No. 6548.

1. **Administrator.**—The exhibit required to be filed by an administrator (in ch. 14, Rev. Stats.) on the withdrawal of an estate from administration, should show the exact condition of the estate, and all claims of the administrator should be then ascertained by exceptions to the exhibit, by evidence, or restatement of the account if this be found necessary. All such matters must be litigated in the court where the administration is pending.

2. **Appeal—Administration.**—An appeal from an order withdrawing an estate from administration vacates the order and on the final decision renders necessary the filing of a new exhibit.

3. **Appeal.**—When an administrator appeals from a judgment of the court withdrawing the estate from administration, and has failed to file and have docketed his claims against the estate, the appeal should be dismissed.

4. **Administration.**—Before one interested in an estate, and who has had the same withdrawn from administration, can maintain a suit against the administrator for assets with which he is chargeable, not included in his final exhibit, or for effects acquired by him pending litigation, he must have the amount for which the administrator is liable ascertained and fixed in the County Court.

APPEAL from Wilson. Tried below before Hon. W. H. Rust, Special District Judge.

The opinion gives a statement.

*B. F. Ballard,* for appellants.

*J. B. Polley* and *E. Goodrich,* for appellee.

HENRY, ASSOCIATE JUSTICE.—R. C. Houston was administrator of

the estate of Mary A. Mayes. In the year 1884 the administrator filed in the County Court an exhibit and asked for an allowance of $225 "for extra services." The Probate Court refused to allow the claim for extra services, and the administrator appealed to the District Court. This cause was numbered 445 on the docket of the District Court.

In the year 1885 E. ·D. Mayes applied, in pursuance of the provisions of chapter 14 of the Revised Statutes, for the withdrawal of the estate from administration, and the required bond having ,been executed and approved, an order was made in the County Court requiring the administrator to deliver the estate to the said E. D. Mayes. The administrator appealed to the District Court from this order, where, upon a trial *de novo,* substantially the same order was made. .An appeal to this court was taken from the District Court and the judgment was here affirmed.

In 1885, during the pendency of these proceedings, Houston filed another exhibit in the County Court.

In the year 1886 E. D. Mayes filed in the District Court against Houston a separate suit, setting up the proceedings to withdraw the estate from administration; that the decree of the District Court closing the administration had been affirmed by the Supreme Court; that Houston had failed to deliver the entire estate to him as ordered; and setting up other demands and claims against Houston growing out of his administration not included in his exhibits. This cause was numbered 526 on the docket of the District Court.

The court consolidated the two causes numbered 445 and 526. Houston amended his pleading, charging that he had delivered the whole estate to Mayes according to the judgment, and setting up divers claims against the estate not embraced in any of his exhibits. It does not appear that these claims of the administrator, or any of them, had been filed in the County Court and there entered on the claim docket as prescribed by article 2193 of the Revised Statutes.

In the case of Richardson v. Kennedy, 74 Texas, 509, we decided that it was necessary for that course to be pursued. The mode of proceeding by an heir, devisee, or legatee, when it is desired to withdraw an estate from administration, and by the administrator and the court, is prescribed in chapter 14 of the Revised Statutes. The administrator is required to file in the County Court "an exhibit under oath of the condition of such estate." One of the conditions of the bond required to be given by the party withdrawing the estate from administration is that he "will pay to the executor or administrator any balance that may be found to be due him by the judgment of the court on his exhibit."

It is intended that the exhibit filed in the County Court shall be made to show the exact condition of the estate, and that all claims and demands in favor of or against the administrator growing out of his management

of the estate shall be there ascertained by exceptions to the exhibit, by evidence, and by a restatement of the exhibit if it becomes necessary.

All such matters must be litigated in the court in which the administration is pending upon the hearing of the administrator's final exhibit. Unless the administration is being conducted in the District Court in a proper case such questions can not be tried there except upon appeal. Franks v. Chapman, 61 Texas, 576.

The administrator's appeal to the District Court from the judgment of the County Court withdrawing the estate from the administration vacated that order, as the statute requires such appeals to be tried anew in the District Court. Rev. Stats., art. 2207.

While the appeal was pending in the District Court and in this court Houston continued to be the administrator of the estate, and as at the expiration of such proceedings the exhibit filed before their commencement no longer represented the true condition of the estate or of his own accounts, it was proper and necessary for him to be required to file another exhibit to be proceeded with as in the first place.

After the consolidation of causes 445 and 526 in the District Court an exception to the pleadings of the administrator setting up his claims against the estate was sustained and his appeal, or cause number 445, was dismissed.

The suit brought by Mayes against Houston, or cause number 526, was then tried by the court without a jury, and judgment was rendered in favor of plaintiff for the sum of $330.45, from which Houston prosecutes this appeal.

As the administrator had not filed and caused to be docketed his claims against the estate in the County Court, the case made by his appeal was properly dismissed, and other questions with regard to it need not now be considered.

If the order of the County Court for the delivery of the property of the estate and for closing the administration had not been appealed from, and the property had not been delivered by the administrator according to the order, Mayes could then have sued for its recovery in the District Court. But in order to have a cause of action, either for effects with which the administrator was chargeable when he made his exhibit but which were not included in it, or for effects acquired by him after his exhibit was filed and during the time covered by the litigation, it was necessary for him to have such cause of action ascertained and fixed in the County Court. Until that is done the proceedings in the County Court are not final.

It will be proper to yet proceed in the County Court to compel the administrator to render a correct final account of the condition of the estate as administered by him. And the administrator may, before he has filed such final account, file with the clerk and have entered on the claim docket his charges for reasonable expenses and attorney fees as provided

by articles 2192 and 2193 of the Revised Statutes.    Richardson v. Kennedy, 74 Texas, 509.

The judgment is reversed and the cause is dismissed.

*Reversed and dismissed.*

Delivered May 13, 1890.