ADOUE & LOBIT v. BOYER GONZALES ET AL., EXECUTORS.

Decided November 23, 1899.

1. **Appeal by Executors from County Court in Probate to District Court—Certiorari—Bond.**

The provisions of article 2257 of the Revised Statutes exempting executors and administrators from giving bond on appeal from the county court to the district court in matters of probate, apply also to the revision of the orders of the county court in probate by the district court on certiorari.

2. **Decedents' Estates—Claim Against—Presentment.**

The mailing of a claim against an estate to one of the executors was not a presentment thereof as required by Revised Statutes, articles 2068, 1969, where it was not received by him until after the expiration of twelve months from the grant of letters.

3. **Same—Joint Executors—Absence from State.**

Where a claim has not been presented within twelve months, and it is sought to excuse the failure to do so on the ground of the absence of the executors (two in number) from the State, in computing such time of absence, only the joint absence of both executors will be excluded.

APPEAL from Galveston. Tried below before Hon. WILLIAM H. STEWART.

*Jas. B. & Chas. J. Stubbs,* for appellants.

*Harris & Harris,* for appellees.

GARRETT, CHIEF JUSTICE.—This controversy originated in the County Court of Galveston County about the classing of a claim against the estate of Thomas Gonzales, deceased, of which the appellees are the executors. The question is whether or not the claim is of the fourth or fifth class.

At his death Thomas Gonzales was indebted to the appellants for money borrowed and for which they held his two promissory notes. Appellees qualified as executors of the estate of Thomas Gonzales, deceased, on March 15, 1897. They caused the notice to creditors to be published on March 27, April 3, 10, and 17, 1897. The claim was sworn to as required by law, and was mailed addressed to both the executors in Galveston on April 14, 1898. Both executors reside in Galveston, as do also the appellants. Galveston was the postoffice address named in the notice to creditors. Owing to a temporary absence in the interior of the State of one of the executors, Boyer Gonzales, in whose mail box the letter had been deposited, he did not receive the claim until April 20, 1898. J. C. Gonzales was in the city, but did not receive the claim.

When he received the claim Boyer Gonzales indorsed his allowance thereof, dated April 20th, and returned it by mail on the same day. Owing to some objection to the form of the allowance made on April 20th, the claim then allowed was returned to the executors without ever having been docketed or presented to the county judge for his approval, and on May 21, 1898, another claim based on the notes was made out, and on May 31, 1898, was presented to the executors and duly allowed by them. It was examined and approved by the county judge as a claim of the fourth class on June 13, 1898. Both executors were absent from the State from July 30, 1897, to September 3, 1897, a period of thirty-four days, and one of them, J. C. Gonzales, was absent from the State from June 8, 1897, to September 3, 1897, but his coexecutor, Boyer Gonzales, was in the city of Galveston during all of said period of time from June 8 to July 30, 1897.

On November 4, 1898, the appellees applied to the judge of the District Court of Galveston County for a writ of certiorari to revise the order of the County Court approving said claim, which was allowed without bond as they were acting in their fiduciary capacity as executors. Upon hearing, the District Court established the claim as a claim of the fifth class.

Appellants question the jurisdiction of the District Court because the executors did not give a certiorari bond, and in support of their contention cite Revised Statutes, articles 334, 335; Buchanan v. Bilger, 64 Texas, 592; Ledbetter v. Swing, 19 Texas, 242; Reese v. Hamilton, 20 Texas, 668. The statute cited requires the execution of a bond when the writ is granted, in a sum fixed by the district judge, and the Supreme Court, in Buchanan v. Bilger, held that the execution of the bond was necessary to give the Supreme Court jurisdiction. Certiorari to the county court to revise probate proceeding is granted as a writ of right upon compliance with the statute. It is a method of appeal from the

orders of the county court to the district court in probate matters. It is not a suit. Franks v. Chapman, 61 Texas, 581. Certiorari to a justice court from the county or district court is not granted as a right, but is a suit, and the petition must show equity. The cases of Ledbetter v. Swing and Reese v. Hamilton were both suits for certiorari to a justice court under a statute requiring a bond and making no exceptions. Hart. Dig., art. 1753. The court held in the cases mentioned that article 804 of Hartley's Digest, which is in substance articles 1443 and 1408 of the Revised Statutes, exempting executors and administrators from giving security for costs in any suit brought on appeal or writ of error taken from judgments therein in their fiduciary capacity, did not exempt them from a bond for certiorari to the justice court. Article 807, Hartley's Digest, which provides for certiorari to the county court, is a part of the act of which article 804 is also a part. We find no construction of the act with reference to the requirement of a bond in case of certiorari to the county court, but would infer that no bond would be necessary except for supersedeas. The Acts of 1840 (Hartley's Digest, article 1041) and 1846 (Hartley's Digest, article 1098), concerning probate courts, exempted executors and administrators from giving bond on appeal. The substance of these articles is carried into article 2257 of the Revised Statutes. Since certiorari to the county court is granted as a right, and lies for the revision of the orders of that court in probate matters by the district court as on appeal, we are of the opinion that the article of the Revised Statutes exempting executors and administrators from giving bond on appeal from the county to the district court in matters probate applies also to the revision of the orders of the county court by the district court on certiorari.

The mailing of the claim to the executors was not a presentation thereof as required by statute. Rev. Stats., art. 2068. The claim must have been personally received by one of them within twelve months after the original grant of letters. Rev. Stats., arts. 2068, 1989. In computing the time of absence from the State, to determine whether or not the twelve months had elapsed, only the joint absence of both of the executors will be excluded. Adding thirty-four days, joint absence of both executors, to March 15, 1898, the end of twelve months from the date of qualification, April 18, 1898 was the last day on which the claim could have been presented to entitle it to rank as a claim of the fourth class. The claim sought to be established was not presented until May 31st, but even if it should be held that receipt of the verified notes, mailed April 14th, was a sufficient presentation, it was two days late, the executor having received that claim on April 20th. We see no reason why the judgment of the District Court should be disturbed. It will therefore be affirmed.

*Affirmed.*

Writ of error refused.