Judgment of conviction reversed, and new trial granted.

---

(45 Misc. Rep. 306.)

### In re DAVIS' WILL.

(Surrogate's Court, Saratoga County. November, 1904.)

**1. WILL—VALIDITY—PROBATE.**

> A will appointing an executor, but making no disposition of testator's estate, is entitled to probate.
>
> [Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, § 195.]

**2. SAME—CONTEST.**

> A public administrator appointed in another state to administer the assets of a decedent located therein is entitled to oppose the probate of a will simply appointing an executor of the estate.
>
> [Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, §§ 533, 534.]

In the matter of the probate of the will of Jane Davis, deceased. Application of Robert D. Chittenden, public administrator of Fresno county, Cal., for leave to oppose the probate. Granted.

John H. Burke and E. H. Peters, for administrator, in support of application.

William B. Lee and Herbert J. Menzie, for Mary Gardiner Stone and others.

Halstead H. Frost, Jr., for Samuel D. French and others.

William S. Cogswell, for Hiram Camp Davis and others.

LESTER, S. Robert D. Chittenden, the public administrator, who was appointed administrator of the goods, etc., of the deceased in the county of Fresno, in the state of California, has appeared, and asks leave to oppose the probate of the will propounded as the last will and testament of the deceased. The proponents object that the administrator is not interested, and has no right to appear and oppose the probate. The section under which the administrator claims this right provides that any person who is interested in sustaining or defeating the will may appear, and, at his election, support or oppose the application.

A will usually accomplishes the double purpose of disposing of the estate of the testator, and designating the person who is to administer the estate and carry the provisions of the will into effect. A paper which makes no disposition of the testator's estate, but which nominates an executor, is, however, entitled to be admitted to probate; and the language of this section would seem to give the right to one who would otherwise be entitled to administer upon the estate of the deceased to appear and oppose the probate of such a will.

An administrator in the state of California is presumably lawfully

in possession of such assets of the deceased as were situated in his county. Anything that affects his right to administer these assets, or the ultimate disposition that is to be made of them, is a matter in which he is interested in his capacity of administrator. As a trustee, he is interested in whatever affects the trust estate. I am of the opinion that he has such an interest as entitles him to appear in the proceedings for the probate of the present will and oppose it. In Gombault v. Public Administrator, 4 Bradf. Sur. 226, the public administrator of New York was permitted to come in and oppose the will, though no letters of administration had been issued to him on the decedent's estate. In Matter of Greeley's Will, 15 Abb. Prac. (N. S.) 393, it was held that the executors under a will might oppose the probate of a later will, although the parties beneficially interested under the earlier will had released their interest. These cases seem to indicate that the right to administer the estate is a sufficient interest, in this state, to entitle the person in whom it is vested to contest the probate of a will.

I am referred to In re Hickman's Estate, 101 Cal. 609, 36 Pac. 118, in which it was held that the public administrator in that state had not such an interest as would entitle him to appear and oppose the probate of a will. In view of the cases I have mentioned, it may be doubted if this California case is in harmony with the policy of the probate practice of this state; but that case differs from the present. In that case the interest of the public administrator was simply his right to letters of administration upon the estate of the decedent. In the present case, letters of administration upon the decedent's estate have been issued to the public administrator, and he comes before the court, not as one seeking to enforce his right to administer, but as one to whom letters of administration have in fact issued, and who is clothed with the power and authority of an administrator of that part of the decedent's estate in his county. He is not seeking to be made a trustee, but he is a trustee coming to vindicate his right and authority over the trust estate.

An order may be entered making the administrator a party to the several proceedings for the probate of this will, and permitting him to file such answers and objections to the probate as he may be advised.

Decreed accordingly.