SNAMAN v. LANE. (No. 5591.)*

(Court of Civil Appeals of Texas. Austin. Feb. 9, 1916. On Motion for Rehearing, March 29, 1916.)

1. TRIAL ☞191(1)—INSTRUCTION — ASSUMPTION OF FACTS.

The court should not assume in its charge the existence of material facts controverted by the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420, 421, 435; Dec. Dig. ☞191(1).]

2. PARTNERSHIP ☞247—LIABILITY OF SURVIVING PARTNER.

Where brothers for a number of years conducted a partnership business and bought a hotel with partnership funds, collecting and disbursing the rents therefrom in the name of the partnership, and one of such brothers employed an architect to prepare plans for an addition to such hotel, such brother being in charge of the business when the other was absent, and such other knowing that the plans had been prepared and made, making no objection, such other brother was liable for the charge of preparing the plans upon the death of the brother who ordered them.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 524–528; Dec. Dig. ☞247.]

3. PARTNERSHIP ☞247—PERSONAL LIABILITY FOR DEBT OF DECEDENT.

Where two brothers owned a hotel, and one died, the survivor being made independent executor and sole legatee and probating the will, having charge and control of the entire estate and paying the debts, disposing of the hotel, and converting the greater portion of the estate to his own use and benefit, receiving assets greatly in excess of an amount which his deceased brother owed an architect for preparing plans for an addition to the hotel, such surviving brother was personally liable for the debt.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 524–528; Dec. Dig. ☞247.]

On Motion for Rehearing.

4. PARTNERSHIP ☞258(8) — CONTRACT BY PARTNER—SUFFICIENCY OF EVIDENCE.

In an action against a surviving partner for services as an architect in drawing plans for an addition to the firm's hotel, evidence held sufficient to show that the deceased partner employed plaintiff to draw the plans.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 580–582, 596; Dec. Dig. ☞258(8).]

Appeal from District Court, McLennan County; Edwin J. Clark, Special Judge.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error pending in Supreme Court.

Suit by Roy E. Lane against Joe Snaman. From a judgment for plaintiff, defendant appeals. Affirmed.

J. R. Webb and Marshall Surratt, both of Waco, for appellant. Sleeper, Boynton & Kendall, of Waco, for appellee.

RICE, J. This suit was brought by Roy E. Lane against Joe Snaman to recover on a quantum meruit for services performed as architect in making cost estimates, drawing plans, and performing work incident thereto for the erection of an addition to the St. Charles Hotel in Waco, payment for which had been refused by appellant, alleging that Joe Snaman and his brother Harry, now deceased, were partners doing business under the partnership name of H. & J. Snaman, and as such owned and operated the St. Charles Hotel in said city. The right to recover against Joe Snaman is based on the theory, first, that he was liable as surviving partner, the work having been performed at the instance and request of his brother Harry; and, second, against him in his individual capacity on the ground of acquiescence and ratification of such employment; and, third, that he was the independent executor and sole legatee under the will of his brother, which had been probated and administration thereon closed, and from whose estate he had received more than sufficient assets to pay said claim.

Appellant, answering, admitted the partnership, but alleged that the same was a commercial partnership, and denied that he and his brother owned the hotel as partners, but asserted that they were joint owners and tenants in common thereof, and that such partnership was separate and distinct from their commercial partnership and denied that he or his brother had ever employed appellee to perform such services.

A jury trial resulted in a verdict and judgment in behalf of appellee for the sum of $1,650, from which this appeal is prosecuted. The first assignment urges that the court erred in charging the jury, in effect, that if they believed from a preponderance of the evidence that appellee, in compliance with the request of Harry Snaman, deceased, performed the services as architect as claimed, in preparing certain sketches, cost estimates, and plans, and that the same were placed at the disposal of the said Harry Snaman, deceased, or the defendant, Joe Snaman, or either or both, then and in that event they would find for appellee as against appellant the reasonable value of such services, if any, not to exceed the amount claimed, with interest. It is asserted on the part of appellant that this charge assumed the existence of a partnership in the ownership and operation of said hotel on the part of Harry and Joe Snaman, or that they held themselves out as such, or that the alleged employment of appellee by Harry Snaman was with the consent of appellant, or that the administration of the estate of Harry Snaman, deceased, by appellant as independent executor had ceased and the estate closed, and that as neither of such facts was established by the uncontroverted evidence, to so charge was error.

[1] It is unquestionably true, as asserted by appellant, that the court should not assume in its charge the existence of material facts controverted by the evidence; but in reply thereto appellee insists that this charge is not erroneous in this respect, because the uncontradicted evidence showed that appellee, in compliance with the request of Harry Snaman, deceased, performed the services alleged, and that the defendant, Joe Snaman, was liable therefor, because from the undisputed evidence it appeared that Harry and Joe Snaman were partners, and that as such they owned the St. Charles Hotel property, or, at least, that they held themselves out as such, and that the indebtedness sued upon was a partnership debt, for which appellant is liable as surviving partner.

[2] We agree with appellee in this contention. Appellant admits that he and his brother Harry had for a number of years conducted a partnership business under the firm name of H. & J. Snaman; that the hotel in question was bought with partnership funds, and the rents therefrom collected and disbursed in the name of the partnership. The uncontradicted evidence also shows that H. Snaman employed appellee to prepare the plans in question; that he was in charge of the business when appellant was absent; and that appellant knew that the plans had been prepared and made no objection thereto, because it is shown that he saw a picture of the proposed structure, drawn by appellee, which hung for a considerable time in the hotel building, and under which was written: "St. Charles Hotel, H. & J. Snaman." It was shown that both appellant and his brother were frequently in appellee's office, looking over the plans and making suggestions as to changes therein during the progress of the work; and the uncontroverted evidence further shows that appellant admitted, after the death of his brother, that appellee had been employed by them to prepare the plans.

We believe, therefore, from the uncontradicted evidence that this hotel was the property of said partnership, and that Harry Snaman employed appellee to perform the services upon which this suit is predicated; for which reason we think appellant was liable to appellee as surviving partner, and hence hold that the court did not err in giving the charge complained of.

[3] Besides this, we think the judgment should be affirmed on the ground that the uncontradicted evidence showed that Harry Snaman employed appellee to prepare said plans; that upon his death appellant, under his will, was made independent executor and sole legatee; that he probated the will, took charge and control of the entire estate, paid all the debts thereof, disposed of the hotel,

and converted the major portion of the property of the estate to his own use and benefit, receiving therefrom assets largely in excess of the debt sued upon, from which circumstances the administration thereon may be regarded as closed and the appellant thereby became personally liable for the debts thereof. Hence the court did not err, as urged by appellant in his second assignment, in telling the jury that if the alleged services were performed by appellee at the request of Harry Snaman, the deceased, the appellant would be liable therefor. See Runnels v. Knownslar, 27 Tex. 532; Houston v. Mayes, 66 Tex. 299, 17 S. W. 729; Patterson v. Allen, 50 Tex. 25; Solomon v. Skinner, 82 Tex. 345, 18 S. W. 698; McClelland v. McClelland, 46 Tex. Civ. App. 26, 101 S. W. 1171; Mayes v. Jones, 62 Tex. 365; Kauffman v. Wooters, 79 Tex. 205, 13 S. W. 549; Webster v. Willis, 56 Tex. 468; McCampbell v. Henderson, 50 Tex. 601; Blinn v. McDonald, 92 Tex. 604, 46 S. W. 787, 48 S. W. 571, 50 S. W. 931; Middleton v. Pipkin, 56 S. W. 242.

No reversible error being shown, the judgment of the court below is in all things affirmed.

Affirmed.

### On Motion for Rehearing.

[4] Appellant assails our holding to the effect that the uncontradicted evidence shows that H. Snaman employed appellee to draw the plans for the hotel, citing the evidence of Joe Snaman, wherein he states, in effect, that appellee would draw the plans and specifications, and if the matter did not go through he would not charge anything for same. Notwithstanding this, however, the uncontradicted evidence shows that appellant admitted that his brother Harry had a half interest in the building, and that Harry ran the business when appellant was away, and that appellant ran it when his brother was away; and appellee testified, without contradiction in this connection, that he had a conversation with Harry Snaman relative to the cost of the plans, and informed him that the regular fee therefor would be 5 per cent. of the amount of the cost of the improvements, "which I then told him would probably be from $25,000 to $30,000, upon which he replied to go ahead and prepare the plans; that after this Harry was frequently at the office to see about it and how the plans were getting along, giving instructions and directions and suggesting changes therein."

Even if we were to concede, however, that appellant's contention in this respect is correct, there is ample evidence under other phases of the case to justify the affirmance of the judgment. After a full and thorough investigation of the record, in the light of appellant's motion for a rehearing, we have concluded that there is no merit in same, and that it should be overruled; and it is so ordered.

Motion overruled.