## In re BALDWIN'S ESTATE.
### No. 1975.

Court of Civil Appeals of Texas. Beaumont.
May 9, 1930.

Rehearing Denied May 21, 1930.

D. E. O'Fiel, of Beaumont, for appellants.

Barnes & Barnes, of Beaumont, for appellees.

WALKER, J.

In probate court of Jefferson county, Frank and Agnes Bell, husband and wife, filed a claim against the estate of Aurelia Baldwin for board, nursing, medical bills, insurance premiums, taxes, etc., amounting to the sum of $818.45, which had been duly approved for that sum by the administrator of the estate. In probate court the claim was allowed in the sum of $630.45 over the contest of Cecelia Rogers and Foster Allen, who duly perfected an appeal to the district court from the judgment of the county court. In district court the claimants demurred to the contest of Cecelia Rogers and Frank Allen on the ground that under their pleadings they had no interest in the estate. This demurrer was overruled, and upon trial to a jury the claim was allowed in the sum of $630.45, and judgment entered accordingly. From that judgment Cecelia Rogers and Frank Allen have perfected an appeal to this court.

There is no allegation in either the pleadings of contestants or of claimants showing that Cecelia Rogers or Frank Allen had any interest whatever in this estate. There appears an exception in the "replication to contestants' answer" to a purported allegation in paragraph 5 of some supposed answer by contestants containing an allegation that "these contestants are next to kin of said deceased," but no such answer is in the record before us. We have also examined the statement of facts, and find that neither of the contestants testified on the trial of this case, and we find no testimony in the statement of facts showing that the contestants had any interest whatever in the estate. Under article 3521, R. C. S. 1925, no person may contest a claim duly approved by the administrator unless "interested" in the estate. Applying this principle to a contest against the probate of a will, the Commission of Appeals, answering a certified question in Moore v. Stark, 17 S.W.(2d) 1037, 1041, said: "Article 3315 of our statute concerning estates of decedents provides: 'Any person interested in an estate may, at any time before any character of proceeding is decided upon by the court, file opposition thereto in writing, and shall be entitled to process for witnesses and evidence, and to be heard upon such opposition as in other suits.' This is but a concrete statement of the universal rule of parties that no person will be permitted to maintain a proceeding without showing an interest in the subject-matter thereof. It is contrary to the policy of the state to permit the machinery of its courts to be set in motion at the instance of one who can in no event be profited thereby. Courts do not sit to decide mere abstract questions of law, but to redress grievances and prevent wrongs. Whatever the jurisdiction of a court, that court has no power to exercise such jurisdiction until its power is invoked by one having an interest in the subject-matter. But we need not deal in generalities, for the precise question has been decided in this state."

In Abrams v. Ross' Estate, 250 S. W. 1019, 1021, discussing the proposition that one must have an interest in an estate in order to maintain a contest, it was said: "In the absence of such interest a contestant is a mere meddlesome intruder."

As contestants have no interest in the estate, the district court erred in entertaining their appeal over the exceptions of the claimants. It follows, therefore, that the judgment of the district court must be reversed, and the cause remanded to that court, with instructions to dismiss from its docket the appeal of the contestants, leaving in full force and effect the judgment of the probate court approving the claim of claimants in the sum of $630.45.

Reversed and remanded, with instructions.