## ARAI v. SAENZ.

### No. 9716.

Court of Civil Appeals of Texas. Galveston. April 19, 1932.

On Motion for Rehearing, May 23, 1932.

Further Rehearing Denied June 30, 1932.

Fogle, Eastham & Eastham, of Houston, for appellant.

G. Woodson Morris, of San Antonio, for appellee.

## LANE, J.

On July 8, 1930, S. Arai was appointed by the county court of Harris county, Tex., temporary administrator of the estate of Simon Siro, deceased. He qualified as such temporary administrator, and on the 24th day of July, 1930, was made permanent administrator of said estate.

After Arai had qualified as such permanent administrator, to wit, on November 6, 1930, P. S. Saenz filed an application in the probate court of Harris county to probate a purported will of Simon Siro, deceased, and prayed for the removal of Arai as administrator of said estate. Arai filed a contest, denying the validity of the purported will, its legal formal execution, and the testamentary capacity of the deceased. P. S. Saenz answered by general demurrer, special exceptions, and general denial.

Upon hearing in the (county) probate court, judgment was rendered admitting the will to probate and appointing P. S. Saenz independent executor of the will without bond, and removing S. Arai as administrator. S. Arai appealed to the district court of Harris county.

In the district court, appellee, Saenz, filed and presented to the court a plea to the jurisdiction of the court, urging that S. Arai, as administrator, had no authority to contest the purported will in the probate court or to appeal from the order admitting the will to probate. Such plea was sustained by the district court, and the appeal of Arai was dismissed and judgment was rendered removing Arai as administrator and ordering

that such judgment be certified to the probate court for observance. S. Arai has appealed to this court.

The sole question presented by the appeal is, Did the district court err in sustaining appellee's plea to the jurisdiction of the court, upon the grounds that S. Arai, as the qualified administrator of said estate, had no such interest in the subject-matter, the estate, as would authorize him to contest the probate of the purported will of Simon Siro, deceased?

Appellant contends that as S. Arai had been legally qualified as administrator of the estate of Siro, deceased, he was, by virtue of his office as such administrator entitled to contest the probate of the purported will offered for probate, and that the court erred in holding to the contrary and in dismissing his appeal and in removing him as such administrator.

In support of his contention, appellant cites the following articles of our Civil Statutes and other authorities: Revised Statutes, articles 3315, 3521, 3522, 3525, 3697, 3698, 3700; Drew v. Jarvis, 110 Tex. 136, 216 S. W. 618; Marshall v. Stubbs, 48 Tex. Civ. App. 158, 106 S. W. 435; Harper v. Stroud, 41 Tex. 367; In re Baldwin's Estate (Tex. Civ. App.) 28 S.W.(2d) 1108; In re Davis' Will, 182 N. Y. 468, 75 N. E. 530; Id., 45 Misc. 306, 92 N. Y. S. 392; In re Cornelius' Will. 14 Ark. 675; Elme v. Decosta, 1 Phillmores Eccl. Rep. 174; Dabbs v. Chisman, 1 Phillmores, Eccl. Rep. 154.

Those parts of articles 3315, 3521, and 3525 cited, pertinent to the question here involved, are as follows:

"Art. 3315. Any person interested in an estate may, at any time before any character of proceeding is decided upon by the court, file opposition thereto in writing," etc.

"Art. 3521. Any person interested in an estate may, at any time before the court has acted upon a claim, appear and object to the approval of the same," etc.

"Art. 3525. When the claimant or any person interested in the estate shall be dissatisfied with such action [approving or disapproving a claim], he may appeal," etc.

It is clear from the language of the statutes from which we have quoted that one who is not interested in an estate has not a right to file opposition to "any character of proceeding" in the estate. If he has no interest in the estate, he cannot appear and "object to the approval of a claim" against the estate. He cannot appeal from an order approving or disapproving a claim.

But it is well settled that an administrator of an estate has authority to reject claims presented against such estate and file his objection to the approval of the same by the courts, and that, in the event such claim is approved over his protest, he may appeal from such order of approval. Article 3700, Revised Civil Statutes of 1925; Harper v. Stroud, 41 Tex. 367; Adoue v. Gonzales, 21 Tex. Civ. App. 73, 54 S. W. 367.

In Drew v. Jarvis, 110 Tex. 136, 216 S. W. 618, 619, Jarvis, as guardian, sought to appeal without bond from a judgment of the district court withdrawing the estate from administration. Motion was made in the appellate court to dismiss the appeal on the stated ground that, as an administrator, the appellant had no appealable interest in the recovery, her failure to file an appeal bond deprived her of the right of appeal. In such case the Court of Civil Appeals certified questions to the Supreme Court shown below, together with the answers of the Supreme Court.

"If the regularity of the appointment of Jarvis as guardian of the estates of the minors be conceded, has appellant shown herself entitled to appeal as administratrix without bond? * * *

"Do the pleadings of the administratrix herein tender such an issue, that she may appeal without bond from the judgment of the district court?"

Justice Greenwood, speaking for the court, said: "We answer questions (1) and (6) in the affirmative. It is the statutory duty of the administrator of an estate of a deceased person 'to recover possession of and hold such estate in trust to be disposed of in accordance with law.' Article 3235, Vernon's Sayles' Texas Civil Statutes [now article 3314, R. C. S. 1925]. It is as much the administrator's duty to withhold the estate from one not lawfully entitled to receive it as it is his duty to surrender the estate, whenever the administration may be closed, to those entitled thereto. The proceeding to withdraw the estate from administration was of vital concern to the beneficiaries of appellant's trust, and she had the same right to invoke the exercise of appellate jurisdiction, in her fiduciary capacity, as to defend in the county court. Appellant was before the appellate courts as the representative of the estate, and no bond was requisite to perfect the appeal." Huddleston v. Kemper, 87 Tex. 373, 28 S. W. 936.

In Marshall v. Stubbs, 48 Tex. Civ. App. 158, 106 S. W. 435, 436, in speaking of the duties of an administrator, the court said: "Having possession of the property, he was charged with the duty of preserving it, in order to execute the trust, which right had been established by a judgment heretofore lawfully rendered. His relationship that arose from the judgment of probation was merely official, and the subsequent judgment setting aside the former judgment probating the will did not terminate his official duties, so long as he took the proper steps to appeal from that decree * * * we do not see how

it can be said that he was merely acting as an individual, and not officially."

See Houston v. Mayes, 66 Tex. 297, 17 S. W. 729; Id., 77 Tex. 265, 13 S. W. 1036.

In our opinion, to hold that the administrator, who is by our statutes expressly given the right to appeal from one court to another without bond, except 'where personally interested, and to file an application, complaint, or opposition in relation to the estate without bond, and who is charged with the duty of protecting the estate officially, is not "a person interested in an estate," as that term is used in article 3315, supra, would be to ignore the plain terms of the several articles cited.

By article 3312, Revised Civil Statutes of 1925, it is provided as follows: "The rights, powers and duties of executors and administrators shall be governed by the principles of the common law, when the same do not conflict with the provisions of the statutes of this State."

Under the common law, which is in force in this state unless in conflict with some statute of the state, an administrator was authorized to contest the probate of a will, and, since there is no statute in this state withdrawing the common-law right of an administrator to contest a will in the protection of the estate, the administrator in the present case has such right.

Appellee cites the case of Estate of Parsons, 65 Cal. 240, 3 P. 817, a case decided by a court of California, which in effect holds that under the laws of that state an administrator has no authority to contest the probate of a will.

We are, however, not under the duty to follow such decision, but, to the contrary, we are of opinion to do so would be in conflict with our duty under the provisions of our own statutes.

For the reasons above expressed, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

### On Motion for Rehearing.

On a former day of the present term of this court, as shown by our original opinion filed in this cause, we reversed the judgment of the trial court and ordered that the cause be remanded for further proceedings.

As a full statement of the cause and the result of the trial appears in our original opinion, it is not necessary to restate the same here.

Since the filing of our original opinion counsel for appellee has filed an able and convincing motion for rehearing.

As stated in our former opinion, the sole question submitted for our determination is, Did the trial court err in holding that S. Arai, as the qualified administrator of the estate of Simon Siro, had no such interest in the subject-matter, the estate, as would authorize him to contest the probate of the purported will of Siro, which was offered for probate, and upon such holding sustaining appellee's plea to the jurisdiction of the court?

Counsel for appellee in his motion for rehearing again, as he did in the trial court and in his brief in this court, contends that Arai, as administrator only, had no such "interest" in the estate of Siro, as that term is used in article 3315 of our Revised Civil Statutes of 1925, as would entitle him to contest the probate of the purported will of Siro offered for probate, and that therefore the trial court did not err in sustaining appellee's plea to the jurisdiction of the court.

After reviewing the opinions in the cases of Pena y Vidaurri's Estate v. Bruni (Tex. Civ. App.) 156 S. W. 315, and the cases therein cited; Thompson v. Dodge (Tex. Civ. App.) 210 S. W. 586; Daniels v. Jones (Tex. Civ. App.) 224 S. W. 476, 477; Haines v. Little (Tex. Civ. App.) 242 S. W. 266; Abrams v. Ross' Estate (Tex. Com. App.) 250 S. W. 1019; Moore v. Stark, 118 Tex. 565, 17 S.W.(2d) 1037; Estate of Parsons, 63 Cal. 240, 3 P. 817; John W. Bralliel v. Reuther, 270 Mo. 603, 193 S. W. 283—cited by counsel for appellee and commented upon in his motion for rehearing, we have reached the conclusion that we erred in holding, as we did in our original opinion, that the trial court erred in sustaining appellee's plea to the jurisdiction of the court, and upon such holding reversing the trial court's judgment.

In Pena y Vidaurri's Estate v. Bruni (Tex. Civ. App.) 156 S. W. 315, the court held that the expression "person interested" used in article 3315, Revised Civil Statutes of 1925, includes only him who either absolutely or contingently is entitled to share in the estate or the proceeds thereof, as husband, wife, legatee, next of kin, heir, devisee, etc.; that it is apparent from the wording of the statute that a person authorized to contest the probate of a will must be interested in the estate.

In Moore v. Stark, 118 Tex. 565, 17 S.W.(2d) 1037, 1041, the court said:

"Article 3315 of our statute concerning estates of decedents provides: 'Any person interested in an estate may, at any time before any character of proceeding is decided upon by the court, file opposition thereto, in writing, and shall be entitled to process for witnesses and evidence, and to be heard upon such opposition as in other suits.' This is but a concrete statement of the universal rule of parties that no person will be permitted to maintain a proceeding without showing an interest in the subject-matter thereof. * * *

"In Abrams et al. v. Ross' Estate et al.,

250 S. W. 1019, the Commission of Appeals, through Presiding Judge Gallagher, said:

" 'Obviously the burden is upon every person appearing to oppose the probate of a will to allege, and, if required, to prove, that he has some interest in the estate of the testator which will be affected by such will if admitted to probate. In the absence of such interest a contestant is a mere meddlesome intruder.' * * *

"In Dickson v. Dickson, 5 S.W.(2d) 744, Presiding Judge Short, for the Commission of Appeals, cited, with approval, the Abrams v. Ross Case and other cases holding that such interest entitling one to contest the probate of a will means that such person would but for the will have an interest in the estate. This evidently is the common-sense meaning of this statute. The interest to be protected is the right that would otherwise be jeopardized. One who confessedly would receive no benefit from the court's decision cannot invoke its judgment."

■ We think it clear that Judge Fly, writing the opinions for the San Antonio Court, in the two cases of Pena y Vidaurri's Estate v. Bruni and Thompson v. Dodge, supra, in effect held that no one except those who had an interest in the estate itself, or its proceeds, can contest a will offered for probate, and in the latter said that the fact that the administrator might be interested to the extent of such fees and commissions as he might earn, if the administration should be continued, would not constitute him a "person interested" in the estate as that term is used in article 3315 of our Civil Statutes of 1925.

Upon a reconsideration of the case of Drew v. Jarvis cited in our original opinion, we have concluded that the facts of that case do not entitle it to the construction we gave it in our original opinion, when applied to the facts of the present case.

The writer, while entertaining grave doubts as to our duty to affirm the judgment of the trial court, persuaded by the authorities cited, joins his associates in the conclusion that we erred in ordering the judgment reversed by our original opinion, and, since such conclusion has been reached, the motion of appellee for a rehearing is granted and our former judgment is set aside, and the judgment of the trial court is affirmed.

Granted.