## CROSBY v. McWILLIE AND MORELAND.

*It seems* that where the authentication of a claim against an estate is defective, the claimant is not required to sue within three months after its rejection by the administrator, although the rejection be general and absolute.

A plea by an administrator, that the claim, properly authenticated, was presented and rejected more than three months before the suit was commenced, is good; although it may have been again presented and rejected within that time.

It is not necessary that an affidavit in authentication of a claim against an estate should pursue the words of the statute, if the substance be retained; "that the "debt and interest, mentioned in the accompanying deed of trust, is a just and sub-"sisting claim against the estate of Josiah J. Crosby, late of said county, deceased, "and that the same has never been paid or any part thereof—that there are no "off-sets against the same," was held to be sufficient.

Appeal from Washington.

*J. Sayles*, for appellant.

*Horton* and *Shapard*, for appellees. I. The first affidavit was defective; it did not state that there were no credits, or that all just credits had been allowed. The statute distin-

guishes between payments, set-offs, and credits, and requires all to be negatived.

II. The affidavit was defective on account of its uncertainty; it did not state the amount of the claim nor to whom due.

LIPSCOMB, J. This suit was brought on a claim against the plaintiff in error, as administratrix of Josiah Crosby. The most material question for our consideration, arises on the refusal of the Court below, to give the third charge asked by the counsel for the defendant in the Court below; it was as follows: That "the plaintiffs have no right to say that the affidavit of "James R. Jenkins, their attorney, made on the 25th Janu- "ary, 1851, was not good; and that they are not thereby ex- "cused from commencing suit within three months from the "rejection of the claim by the administratrix." The affidavit, referred to in the charge asked and rejected by the Court, is as follows, i. e.: "Personally appeared before me, James L. "Farquhar, an acting Justice of the Peace in and for said "county, James R. Jenkins, as agent and attorney for Mc- "Willie and Moreland, the parties mentioned in annexed deed "of trust, and, after being duly sworn, says that the debt and "interest, mentioned in the accompanying deed of trust, is a "just and subsisting claim against the estate of Josiah J. "Crosby, late of said county, deceased, and that the same has "never been paid or any part thereof—that there are no off-sets "against the claim; and he further states that no notes were "taken, as mentioned in the deed of trust, at the execution "of the same." Signed, "James R. Jenkins, agent and at- torney of McWillie and Moreland," and attested, "Sworn to and subscribed before me, this 25th January, A. D., 1851," signed "James L. Farquhar, J. P. W. C." With the above authentication, the claim was presented for acknowledgment, on the 1st May, 1851, and answered, "The within claim will "not be paid." Signed, "Elizabeth M. Crosby, administratrix "of J. J. Crosby." If this presentation and rejection of the claim, are such as come substantially within the requirements

of the statute, before a suit could be brought in the District Court against the administratrix, the Court below erred in refusing to give the charge, asked by the counsel for the administratrix; because the record shows that the suit was not brought within three months from the date of this rejection, as is enjoined to be done by the statute, "and not thereafter." (Hart. Dig. Art. 1160.) But if the above presentation, authentication and rejection, were so far from the statutory requisition as to amount to a nullity, as they seem to have been regarded by the Court below, there is no error, as it was brought within the time, after the second presentation and refusal.

The manner in which claims shall be presented and authenticated, is as follows, i. e. : " That no executor or administra-" tor shall allow any claim for money against his testator or " intestate, nor shall any Chief Justice approve of any such " allowance, unless such claim is accompanied by an affidavit " in writing, that such claim is just and that all legal off-sets, " payments and credits have been allowed," &c., (see Art. 1158, Digest,) and " that no holder of a claim for money " against the estate of a deceased person, shall bring a suit " thereon, unless such claim, properly authenticated, has been " presented to the executor or administrator, and he has refus-" ed to allow the said claim, for the whole or part thereof." (Art. Digest, 1159.) And "If such claim be rejected by the ex-" ecutor or administrator for the whole or a part of the amount " thereof, or if the allowance or any part thereof, made by the " executor or the administrator, be disapproved by the Chief " Justice, the holder of such claim may, within three months " after the rejection by the executor or administrator, but " not thereafter, bring suit against the executor or adminis-" trator for the establishment thereof," &c. (Hart. Dig. Art. 1160.)

It will be seen that the precise language has not been employed in the construction of the affidavit, as that used in the statute ; but it is difficult to perceive in what single respect it

fails to convey the same meaning; and as words are used to convey and express ideas, we believe there is no difference, and that the authentication was sufficient in law. The rejection was absolute and unqualified, that the money would not be paid, and not placed on any defect in form or substance of the authentication. If it had been so made, there might have been some reason for a new authentication and presentment of the claim. The record shows that a second authentication and presentment of the claim were made on the 27th and 28th of August, 1852, about fifteen months after the first presentation and rejection of the claim. (Hansell v. Gregg, 7 Tex. R. 228.) The authentication, presentation and rejection, first noticed, are good and valid in law, and the party had three months within which time, from that rejection, "to bring the suit and not thereafter." This not having been done, the claim was fully and completely barred by the limitation to this right imposed. The debt was no longer a subsisting debt against the estate; and it cannot be tolerated, that this claim should afterwards be revived by the party in default, who had, by such negligence, lost all legal right to sue. Such would be the result if he were permitted to revive his right of action, by making a new presentment.

The statute of limitations was pleaded, and its policy was well explained in the opinion of this Court in the case of Danzey v. Swinney, 7 Tex. R. 631. We believe the Court erred in refusing the instructions; the judgment is therefore remanded.

Reversed and remanded.