## W. T. HUGHES ET AL. v. R. O. POTTS ET AL.

### Decided April 22, 1905.

**1.—Assignment for Creditors—Affidavit to Claim.**

An affidavit to a claim presented to an assignee for creditors which recites that the statement of claim is correct, instead of averring that it is "just and true," as required by the statute, is insufficient. Rev. Stats., art. 78.

**2.—Same—Time for Filing—Amendment.**

Where a claim, with defective affidavit thereto, is filed with the assignee within six months from the notice of his appointment, an amendment of the affidavit made after the six months will not relate back to the time of the filing and thus secure precedence for the claim over the rights of a nonconsenting creditor secured by service of a writ of garnishment on the assignee under article 79, Revised Statutes.

Appeal from the District Court of Hill. Tried below before Hon. W. H. Bledsoe, Special Judge.

*J. W. Davis* and *Vaughan & Works,* for appellants.—It is not necessary that the affidavit to claim of consenting creditor to deed of assignment shall be in strict or literal compliance with the law, but a substantial compliance therewith will be sufficient. Sayles Civ. Stats., art. 78; Wynne v. Hardware Co., 67 Texas, 40; Lovenberg v. Bank, Id., 440; Bassett v. Brewer, 74 Texas, 554.

Appellant having filed its claim with affidavit attached, within the time required by law, and having made known to the assignee its consent in writing, within four months after the publication of notice of assignee's appointment, and the assignee not having distributed the estate, the amended affidavit related back to the time of the filing of its original affidavit. Affidavit for garnishment can be amended by permitting officer to sign same: White v. Casey, 25 Texas, 555; Sims v. Redding, 20 Texas, 387. Clerk's certificate to affidavit for sequestration may be made nunc pro tunc: May v. Ferrell, 22 Texas, 340. Pauper's oath in lieu of cost bond may be amended in substance: Hubby v. Harris, 63 Texas, 456. Affidavit for trial of right of property

may be amended: Lyon v. Goldfrank, 58 Texas, 356. A claim not disputed by the assignee will not be rejected without notice to the claimant, because the verification is insufficient in form: In re Ranger (Com. Pl.), 6 Misc. Rep., 234, 26 N. Y. Supp., 866; In re DeFreese Id. digested in 4 Am. Dig., p. 2260. An affidavit so drawn as to appear to be made on hearsay may be amended: Cutler v. Rathbone, 1 Hill (N. Y.), 204, or upon information and belief: Cook v. Whipple, N. Y., 150. In Nebraska a defective affidavit for replevin may be amended and filed nunc pro tunc: Lewis v. Connolly, 29 Neb., 222. In Illinois, no matter how defective an affidavit is, it may be amended by filing another: Campbell v. Whetstone, 4 Ill., 361. In Georgia, an affidavit for distress warrant is amendable as other declarations; the right includes the supplying of essential averment: Reece v. Walker, 89 Ga., 72.

*Wear, Morrow & Smithdeal, W. E. Spell* and *Nelson Phillips,* for appellants.—1. The original claim and affidavit of appellant filed with the assignee, not having been verified as required by statute, was not entitled to be established as a valid claim against the assignor's estate, nor was appellant entitled to any payment out of such proceeds thereunder, and the court did not err in so holding. Wynne v. Hardware Co., 67 Texas, 40; Lovenberg v. Bank, 67 Texas, 440; Strickland v. Sandmeyer, 52 S. W. Rep., 89; Brin v. Shirt Co., 43 S. W. Rep., 295; Lanier v. Taylor, 41 S. W. Rep., 516; Walters v. Prestridge, 30 Texas, 65; Gilmore v. Dunson, 35 Texas, 436; Dundee, etc., Co. v. Charlton, 32 Fed. Rep., 194; Anderson's Law Dict., 587; Meyer v. Wood, 65 S. W. Rep., 671; Batt's Civ. Stats., art. 78; Burrill on Assignments, p. 526.

2. The affidavit to the original account presented by appellant, Cooper Grocery Company, was not subject to amendment. Snyder v. Chambers, Dallam, 605; Smith v. Wallis, 45 S. W. Rep., 820; Marx v. Abramson, 53 Texas, 254; Lutterlosh v. McIlhenny Co., 74 Texas, 76; Avery v. Tander, 77 Texas, 209.

3. If the affidavit attached to the original claim presented by appellant, Cooper Grocery Company, to the assignee was subject to amendment, it was necessary that such amended affidavit be filed within the time prescribed by law for the filing of claims against the assignor, and it appearing that such amended affidavit was not filed until long after the expiration of such period, appellant thereunder was not entitled to participate in the proceeds of said estate. In re Sullenberger, 72 Cal., 549; Lovenberg v. National Bank of Texas, 67 Texas, 440; Wynne v. Hardware Co., 67 Texas, 40; Collee Lbr. Co. v. Meyer, 38 N. W. Rep., 117; McKinley v. Nourse, 24 N. W. Rep., 750; Snydacker v. Swan, etc., Co., 40 N. E. Rep., 466; Bassieu v. Jenkins, 48 N. E. Rep., 977; Adoue v. Gonzales, 54 S. W. Rep., 367.

BOOKHOUT, ASSOCIATE JUSTICE.—On the 20th day of July, 1898, W. T. Hughes filed his original petition in the District Court of Hill County, Texas, against R. O. Potts, to recover on one certain promissory note in the sum of $1,355.55, and on the same date filed his affidavit and bond in garnishment and procured a writ of garnishment to be

issued against the appellee, E. S. Crumley, which was duly served by the sheriff of Hill County, Texas, on said Crumley, July 20, 1898. At the instance of said Crumley the Cooper Grocery Company and other creditors of the said R. O. Potts were made defendants to said garnishment proceedings for the purpose of adjusting the interest of the creditors of the said R. O. Potts in and to the money and property in the hands of said E. S. Crumley as the assignee of the said R. O. Potts at the date said writ of garnishment was served upon him. The Cooper Grocery Company, appellant, and the appellees, Stroud-Gibson Grocery Company and T. M. Stroud & Company, intervened in said suit and each set up a claim to the fund. A trial resulted in a judgment against Cooper Grocery Company and in favor of the appellees. From this judgment Cooper Grocery Company alone appealed.

*Conclusion of fact.* 1. R. O. Potts was a merchant in Hillsboro, Texas, and being variously indebted, among others to the appellees Stroud-Gibson Grocery Company and T. M. Stroud & Company, and the original plaintiff in the case, W. T. Hughes, and appellant, on December 31, 1897, duly executed and delivered a deed of general assignment for the benefit of creditors, to appellee, E. S. Crumley, as assignee, who duly qualified as such and proceeded to administer said estate in accordance with law. From the proceeds of the estate he derived the sum of $2,168.39. The taxes and expenses of his administration were $720.05, and there were filed with him within the time prescribed by law, properly verified claims of creditors who had properly accepted the assignment, amounting to the sum of $577.24, leaving in his hands at the date of the service upon him of the garnishment writs in the suits of appellees Stroud-Gibson Grocery Company and T. M. Stroud & Company, hereafter referred to, the sum of $871.10.

2. At the time of the assignment R. O. Potts was indebted to appellee Stroud-Gibson Grocery Company in the sum of $765.95; to appellee T. M. Stroud & Company in the sum of $108.69; to W. T. Hughes in the sum of $1,315.55, and to appellant Cooper Grocery Company in the sum of $405.53.

3. Neither of the appellees Stroud-Gibson Grocery Company nor T. M. Stroud & Company ever filed with the assignee, Cromley, their consent to said assignment as provided by article 75 of Revised Statutes, and never in any way consented to or accepted same.

4. The said appellees, as well as the plaintiff, Hughes, within the time provided by law, did file with said assignee verified claims of their accounts against the assignor, Potts, but not verified as the law provided. After the expiration of the time within which, according to law, they could file their accounts, said appellees were notified by the assignee, Crumley, that their accounts were not properly verified, and upon the advice of his attorneys, he would not permit them to participate in the proceeds of the estate.

5. Upon the receipt of such notification from the assignee, appellees Stroud-Gibson Grocery Company and T. M. Stroud & Company, on July 18, 1898, respectively filed suit upon their respective claims against the said Potts, in courts having jurisdiction, and duly caused writs of garnishment to issue against the assignee, Crumley, seeking to im-

pound any proceeds of said estate in his hands, the writs being served upon him on the same day. On February 13, 1898, in said causes said appellees duly recovered judgment against the said Potts upon their respective claims, and respectively for the amount thereof against the assignee, Crumley, in the garnishment suits against him.

6. The plaintiff, Hughes, on July 20, 1898, two days after said appellees had filed their suits just referred to, filed suit upon his claim against Potts, and garnished Crumley, and on September 27, 1898, recovered judgment against Potts for the amount of his debt, $1,315.55.

7. The appellant Cooper Grocery Company consented to the assignment and within the time provided by law filed with the assignee a claim verified in the manner set out in the opinion. On July 13, 1898, and not before, the assignee, Crumley, notified said appellant that its claim was not verified as required by law, and he had been advised by his attorneys not to allow it to participate in the proceeds of the assignor's estate. After the receipt of said notification, said appellant, on September 20, 1898, filed with the said assignee an amended affidavit to its claim, properly verified. The date upon which this amended affidavit was filed, to wit, September 20, 1898, was after the time prescribed by law within which claims could be filed with the assignee, had expired, and was several months subsequent to the date, July 18, 1898, upon which appellees Stroud-Gibson Grocery Company and T. M. Stroud & Company had caused writs of granishment to be served upon the said assignee, as above stated.

*Opinion.* Under appellant's first and second assignments of error, which are grouped, it is contended that the affidavits to its claim was substantially in compliance with the law and sufficient to entitle it to share in the distribution of the estate of said R. O. Potts, assignor.

The affidavit was as follows:

"State of Texas, County of McLennan.

"Personally appeared before me, J. M. Turner, a notary public in and for the county of McLennan, Texas, president of the Cooper Grocery Company of Waco, Texas, who being sworn says that this account is correct, and that all payments, offsets and credits have been deducted, and that it is due and unpaid," etc.

The affidavit required by the statute is "that the statement is true, that the debt is just, and that there are no credits or offsets that should be allowed against the claim, except as shown by the statement," and the statute provides that "no creditor shall take any benefit under any assignment whatever who neglects to file such a statement." This statute must at least be substantially complied with by a creditor before he is entitled to any benefit under the assignment. The affidavit to the appellant's claim omits to say that the statement is "true" and that it is "just." The statement in the affidavit that the account is "correct" is not equivalent to saying that it is "true" and "that the debt is just." An account might be correct and yet the debt not be just. The Legislature evidently believed, in enacting the statute, that it was more important that the creditor should state that his debt was "true" and "that it was just" than that he should merely make affidavit that it was "correct." The affidavit does not, in our opinion, meet the requirements

of the statute, and the assignee properly refused to permit the creditor to take any benefit under the assignment. (Wynne v. Hardware Co., 67 Texas, 40; Lovenberg v. Bank, 67 Texas, 440; Strickland v. Sandmeyer, 21 Texas Civ. App., 351, 52 S. W. Rep., 89; Brin v. Shirt Co., 43 S. W. Rep., 295; Lanier v. Taylor, 41 S. W. Rep., 516; Walters v. Prestridge, 30 Texas, 65; Gilmore v. Dunson, 35 Texas, 436; Dundee, etc., Co. v. Charlton, 32 Fed. Rep., 194; Anderson's Law Dict., 587; Meyer v. Wood, 26 Texas Civ. App., 591, 65 S. W. Rep., 671; Batt's Civ. Stats., art. 78; Burrill on Assignments, p. 526.)

Again, appellant contends that, having filed its claim, with affidavit attached, within the time required by law, and having made known to the assignee its consent in writing within four months after the publication of notice of assignee's appointment, and the assignee not having distributed the estate of the assignor, the amended affidavit filed by this appellant on September 20, 1898, related back to the time of the filing of its original affidavit, and entitled appellant to share in the distribution of the proceeds of the estate. The affidavit and claim of appellant was received and filed by the assignee April 29, 1898, and by him returned to the appellant on July 13, 1898, with the statement, in effect, that the affidavit did not comply with the statute and the claim would not be permitted to share in the distribution of the funds of the estate. Thereafter, to wit, on September 20, 1898, the appellant filed its claim, supported by a proper affidavit, with the assignee. The six months provided by the statute, within which creditors are required to file their claims, had expired. Prior to that time the appellees Stroud-Gibson Grocery Company and T. M. Stroud & Company had instituted suits on their respective claims and caused writs of garnishment to be served on the assignee.

The question arises, did the filing of the amended affidavit by Cooper Grocery Company relate back to the time that it first filed its claim with the assignee, to wit, April 23, 1898? If so, then such claim would take precedence over the appellees' rights acquired by the levy of the writs of garnishment.

The statute is explicit in requiring the consenting creditors to file with the assignee, within six months from the time of the first publication of the notice of the appointment of the assignee, a statement of his debt, duly verified. Only creditors filing such statements can take any benefit under the assignment. The statute further provides that a nonconsenting creditor may garnish the assignee for any excess of such estate remaining in his hands after the payment of the consenting creditors the amount of their debts, and the costs and expenses of executing the assignment. (Rev Stats., art. 79.)

No provision is made by the statute for amending a defective affidavit to the creditor's claim. It was said in Lovenberg v. Bank, supra, that "the intention of the statute is to make an early distribution of the assets, and a division of their proceeds amongst the creditors of the insolvent. It allows short periods for accepting the assignment, filing claims, and to determine as to their validity, and if excuses for not complying with any of these provisions are to be allowed, they certainly will not avail where the creditor has it in his power to comply substantially with them within the prescribed time." See also, Wynne v.

Hardware Co., 67 Texas, 40; Collee Lbr. Co. v. Meyer, 38 N. W. Rep., 117; McKinley v. Nourse, 24 N. W. Rep., 750; Snydacker v. Swan, etc., Co., 40 N. E. Rep., 466; Rassieu v. Jenkins, 48 N. E. Rep., 977; Adoue v. Gonzales, 22 Texas Civ. App., 73, 54 S. W. Rep., 367; In re Turner's Estate, 128 Cal., 388, 60 Pac. Rep., 967; In re Sullenberger, 72 Cal., 549.

Such being the intention of the statute, a creditor who files his claim with the assignee, within the six months specified by the statute, the affidavit to which is defective, and for that reason the assignee notifies him he will not be permitted to participate in a distribution of the funds of the estate, can not, after the expiration of the six months, amend the affidavit so as to make it relate back to the time of such filing.

We think it clear that the amended affidavit and claims filed September 20, 1898, did not relate back to the filing of the claim with the defective affidavit attached, and appellant's claim is not entitled to precedence over the rights of the appellees secured by the levy of the writs of garnishment. This holding requires that the judgment be affirmed.

*Affirmed.*