### LANG v. COLLINS. (No. 7651.)

(Court of Civil Appeals of Texas. Dallas. Dec. 9, 1916.)

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS ☞302—PROOF OF CLAIMS—SUFFICIENCY.

As regards sufficiency of a creditors' statement of claim and supporting affidavit filed with assignee for benefit of creditors, substantial compliance with the statute is enough.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. § 888; Dec. Dig. ☞302.]

2. ASSIGNMENTS FOR BENEFIT OF CREDITORS ☞302 — PROOF OF CLAIMS — "DISTINCT" STATEMENT.

The requirement of Vernon's Sayles' Ann. Civ. St. 1914, art. 98, for filing with assignee for benefit of creditors by a creditor of a "distinct" statement of claim, means plain, positive, unmistakable, and intelligible, and is satisfied by one that the creditor claims against assignor a certain amount for legal services.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. § 888; Dec. Dig. ☞302.

For other definitions, see Words and Phrases, First and Second Series, Distinct.]

3. ASSIGNMENTS FOR BENEFIT OF CREDITORS ☞302 — PROOF OF CLAIMS — STATEMENT— "PARTICULAR NATURE" OF CLAIMS.

Within Vernon's Sayles' Ann. Civ. St. 1914, art. 98, requiring filing with assignee for benefit of creditors by a creditor of a distinct statement of the "particular nature" and amount of his claim, "particular" means special, not general, and does not require an itemized statement, and "nature" has reference to the kind, quality, sort or species of claim; and it is enough to disclose that it is for legal services.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. § 888; Dec. Dig. ☞302.]

4. ASSIGNMENTS FOR BENEFIT OF CREDITORS ☞302 — PROOF OF CLAIMS — AFFIDAVIT — "OFFSETS"—"CREDITS."

Vernon's Sayles' Ann. Civ. St. 1914, art. 98, requiring a creditors' statement of claims filed with the assignee for benefit of creditors to be supported by affidavit "that there are no credits or offsets that should be allowed against the claim, except as shown by the statement," is satisfied by statement that "all just offsets have been allowed," "offsets" including "credits," which term means payments, "offset" meaning literally to counteract, balance, cancel by contrary claim or sum, and there being no peculiar legal meaning to be attached to the term "offset" as used in the statute.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. § 888; Dec. Dig. ☞302.

For other definitions, see Words and Phrases, First and Second Series, Credits; Offset.]

Appeal from Hill County Court; J. D. Stephenson, Judge.

Action by Walter Collins against W. R. Lang. Judgment for plaintiff, and defendant appeals. Affirmed.

R. M. Vaughan and J. D. Abney, both of Hillsboro, for appellant. Wear & Frazier, of Hillsboro, for appellee.

RASBURY, J. Appellee in the court below sued appellant, who is assignee of James W. Moore, under a general assignment for the benefit of all accepting creditors, to recover $350, the amount of his claim against the assignor, Moore, which had been rejected and payment refused by appellant, assignee. Appellant's defense was that the claim was not in compliance with the provisions of article 98, Vernon's Sayles' Civ. Stats., by reason of which appellant was without authority to allow and pay same. Trial was before the court, who rendered judgment for appellee for $148.60, which was the apportionment to which appellee would have been entitled had his claim been allowed. From such judgment, this appeal is taken.

Appellee's claim and the verification attached thereto is as follows:

"February 15, 1915. James W. Moore, W. R. Lang, Assignee, to Walter Collins, Dr. To amount of account for legal services rendered James W. Moore in district court, and in reference to other matters, up to and including January 16, 1915, $350.00. * * * I, Walter Collins, being duly sworn, state upon my oath that the above and foregoing account is just, true, and correct, and that all just offsets have been allowed."

The affidavit was followed by the signature of Collins, which was in turn followed by the jurat, signature, and official seal of the officer administering the oath.

[1] The appellant contends that both the statement of the account and the affidavit thereto are wanting in some of the essential

requirements of the statutes. The rule generally and justly applied in the construction of statutes similar to the one involved here is that substantial compliance therewith is sufficient. Crosby v. McWillie, 11 Tex. 94; Walters v. Prestidge, 30 Tex. 66; Hughes v. Potts, 39 Tex. Civ. App. 179, 87 S. W. 708; First State Bank, Teague, v. Hadden, 158 S. W. 1168.

[2] The first contention is that the claim is insufficient because it is not, in the language of the statute, "a distinct statement of the particular nature and amount of" the claim. The statute does provide for such a statement. The substance of the statement or claim under discussion is that the assignor, James W. Moore, is due appellee $350 for legal services rendered in the district court, and in reference to other matters. Is the information so disclosed a "distinct statement of the particular nature and amount" of the claim? We think so. "Distinct" is defined as that which is "plain, positive, unmistakable, intelligible." Statement is defined as "a formal embodiment in language of facts or opinions; a narrative; a recital." The claim, to repeat, is a statement by appellee that he claims against the assignor, James W. Moore, $350 for legal services. Thus it is plain, positive, unmistakable, and intelligible that appellee claims $350 for legal services. No more is meant by the ordinary import of the words used. Accordingly we conclude that the statement of the claim was in such respect sufficient.

[3] The next inquiry is: What is meant by "particular nature" of the claim? Particular," as used, means special, not general, etc. "Nature," as used, obviously has reference to the kind, quality, sort, or species of claim, whether for legal services or a claim arising on contract, or a promissory note, etc. Our Supreme Court, in construing the meaning of "the nature of plaintiff's demand" as contained in what is now article 1853, Vernon's Sayles' Civ. Stats., and which regulates what notice shall be given in the citation served upon defendants, held the provision had reference to the "character or controlling characteristics" of the demand. Pipkin et al. v. Kaufman & Runge, 62 Tex. 545. Thus, when the claim in this proceeding set out that it was for services it was a general statement thereof, but when it went further and disclosed that it was for legal services, it was, within the meaning of the statute, particularized, and hence became a particular statement. It may be argued that by particular statement was intended an itemized statement. But we think the better conclusion is that, had the Legislature so intended, it would have voiced such intention in words more apt than those used. The obvious purpose of the statute is to require claimants to furnish the assignee notice of the amount and nature of the creditors' claim, in order that he may independently

or with the assistance of his assignor determine its justness, etc.

[4] The second contention is that the claim is insufficient for the reason that the affidavit thereto fails to recite "that there are no credits or offsets that should be allowed against the claim, except as shown by the statement." The statute does provide for the quoted language. In lieu thereof the affidavit in the instant case recites "that all just offsets have been allowed." The precise question then is: Does the omission of the term "credits," the other omitted words being clearly immaterial, render the affidavit fatally defective? In Walters v. Prestidge, supra, an early case, which was based upon the still earlier case of Crosby v. McWillie, 11 Tex. 94, it was ruled, in effect, that since words are used to express ideas, any language which conveys the meaning of those used in the statute will be sufficient. In that case the term "credit" was used in the affidavit, while the statute also required the use of the term "offset." Incidentally the identical words are required by the statute we are discussing. The court said that the term "credits" "in its most comprehensive signification" did not include offset, and hence the affidavit was defective. The analogy is that, had the term used comprehended as much as the one omitted, the statute would have been satisfied. Then does the term "offsets," in its most comprehensive signification, embrace credits? If it does, the affidavit under discussion is sufficient. "Credits," in its narrow or bookkeeping sense, is opposed to "debits," and may be said to be a payment on account as shown by the creditors' books. In the larger sense, as sometimes used in tax laws, etc., it includes, by some authority at least, things incorporeal, such as the right to demand and recover a sum of money or other thing in possession. 11 Cyc. 1189. "Offset" means literally "to counteract, balance, cancel by contrary claim or sum." Century Dictionary. Then, when appellee stated in his affidavit that all just offsets had been allowed, the effect was to say under oath that every claim held against him by appellant which would counteract, balance, or cancel appellee's claim had been allowed, and conveyed not only the same idea that would have been conveyed by the use of the term credits, but a great deal more, because "credits," as employed in the statutes, as said in Walters v. Prestidge, supra, means payment, which is surely comprehended within the definition of "offset." There is no peculiar legal meaning to be attached to the term "offset" as used in the statute, as might be argued in reference to the remedy of offset provided for in our practice acts, in case that remedy and its application to a given state of facts was an issue.

Believing that the affidavit was in substantial compliance with the statute, the judgment is affirmed.