## WATSON CO., BUILDERS, v. BLEEKER et al. (No. 9084.)

(Court of Civil Appeals of Texas. Dallas. March 15, 1924.)

**1. Account, action on ⊕⊐10 — Judgment ⊕⊐ 101(2)—Action for labor performed and materials and supplies furnished held not "founded on open account," and verified petition insufficient to support default judgment.**

Where cause of action for labor performed and materials and supplies furnished was alleged was not liquidated nor proved by instrument in writing, it was not founded on open account, within meaning of Vernon's Sayles' Ann. Civ. St. 1914, art. 3712, relating to suits on itemized sworn accounts, and verified petition therein was not sufficient to support judgment by default.

**2. Judgment ⊕⊐101(2)—Petition in suit on account held not sufficient to support judgment.**

In action to recover for labor and materials furnished, where verification of petition did not show, nor did petition show, that facts were within knowledge of affiant, nor that the demand was just and true, nor that all just and lawful offsets, payments, and credits had been allowed in pursuance of Vernon's Sayles' Ann. Civ. St. 1914, art. 3712, it was insufficient to support judgment by default as on sworn account.

**3. Judgment ⊕⊐151—Vice appearing on face of petition does not have to be contained in motion to set aside default judgment.**

In suit to recover for labor and materials furnished, motion to set aside default judgment was not required to contain issues as to failure of petition under Vernon's Sayles' Ann. Civ. St. 1914, art. 3712, to support judgment by default as on sworn account, especially where such defects were apparent on face of petition.

**4. Corporations ⊕⊐46—Judgment ⊕⊐17(1)— Judgment held void as against corporation against which petition stated no action, and to which no citation was issued and on which summons was not served.**

Where action was filed against W., alleged doing business as W. Company, and citation was to summon W., doing business as W. Company, and return indicated service on W., but petition stated no cause of action and sought no judgment against W. Company, and no ci-

tation was issued to or served upon it, judgment rendered against W. Company was void, regardless of failure of such company to file affidavit or notice in office of the county clerk showing that they were operating under assumed name, as required by Acts 37th Leg. (1921) c. 73 (Vernon's Ann. Civ. St. Supp. 1922, arts. 5950½–5950½d).

**5. Judgment ⬅162(4)—Refusal to set aside judgment by default on showing of meritorious defense held error.**

On motion to set aside judgment by default, in view of evidence establishing that citation was not served in person on defendant, showing existence of meritorious and complete defense as to cause of action, that defendant moved to have judgment set aside as soon as he knew of it, and that he did not know of pendency of suit against him individually until after judgment, refusal to set aside default was error.

**6. Appeal and error ⬅560—Refusal to approve statement of facts showing evidence on which judgment by default was rendered held error.**

On motion to set aside default judgment, whose invalidity appeared on face of proceedings in which it was entered, refusal to approve statement of facts showing evidence on which judgment was entered was error.

Appeal from Dallas County Court; W. N. Coombs, Judge.

Action by J. Bleeker and another against George Watson, doing business under the trade-name of the Watson Company, Builders. Defendant's motion to set aside default judgment for plaintiffs was denied, and defendant appeals. Reversed, judgment set aside, and cause remanded, with instructions.

Holloway & Holloway, of Dallas, for appellant.

VAUGHAN, J. This suit was filed in the court below by appellees to recover the sum of $536 against appellant for labor performed and material and supplies furnished by appellees, as a subcontractor, in constructing, overhauling, repairing, and finishing certain sheet metal work on a building in the fair grounds in the city of Dallas. It was alleged by appellees that on the 25th day of May, 1922, appellant employed appellees to perform the labor and furnish the material necessary to comply with said contract, and, for same, contracted to pay appellees the sum of $536; that said contract was performed on the part of appellees, whereby appellant became liable and promised to pay them said sum. Said suit was brought against appellant George Watson, as defendant; it being alleged that he was doing business under the trade-name of Watson Company, Builders.

The petition was verified by the affidavit of appellee J. Bleeker to the effect "that the facts set forth in the foregoing petition are true and correct." No instrument of writing was pleaded, and no account included in or attached to the petition.

Judgment by default was rendered in said cause on the 2d day of January, 1923, but not formally entered in the minutes of the court until January 12, 1923. After reciting the service of citation and default, the judgment concluded as follows:

"* * * And no jury being demanded, the matters in controversy were submitted to the court, and, it appearing to the court that the plaintiffs' cause of action is liquidated and proven by sworn account, it is ordered, adjudged, and decreed that the plaintiffs do have and recover from the defendants Watson Company, Builders, and George Watson, individually, the sum of $536."

The suit was filed solely against appellant George Watson; it being alleged that he was doing business under the trade-name of Watson Company, Builders. The citation was to summons George Watson, doing business under the trade-name of "Watson Company, Builders," the officer executing same being directed to "deliver to said George Watson, in person, a true copy of this citation." The citation was indorsed "J. Bleeker et ux v. Watson Company, Builders."

Appellant Watson, on the 10th day of February, 1923, filed a motion to set aside the default judgment, which, in effect, stated that the Watson Company was a corporation; that the work done by appellees was under a written contract with said corporation; that the citation was not served on appellant Watson, but that the copy thereof intended for him was left at the office of said corporation, with its vice president, J. L. Babcock; that appellant Watson knew nothing of the suit against him until after the judgment by default; that he had not at any time engaged in the transaction of any business individually under the name of Watson Company, Builders, or otherwise; that he had a meritorious and complete defense to said suit, in that he had never individually had any dealings with appellees, and had not entered into the contract sued upon, and did not owe them any sum as alleged, and that he had had no opportunity to make his defense to appellees' alleged cause of action, as he had never been served with citation and knew nothing of such citation or the pendency of said suit against him as an individual until long after the entry of said judgment by default; and that, immediately upon learning of the entry of said judgment, he instituted proceedings to have same set aside.

In reply to this motion, appellees alleged that the contract was signed "Watson Company, Builders," and not "Watson Com-

pany"; that Watson Company, Builders, is an assumed name used by appellant Watson in his business in violation of chapter 73, Acts of the Thirty-Seventh Legislature (Vernon's Ann. Civ. St. Supp. 1922, arts. 5950½–5950½d) in that he had not complied with the requirements ·of said act, and therefore was not entitled to the relief sought by said motion.

On the hearing of said motion the following facts were established: That Watson ·Company, Builders, had not filed an affidavit or notice in the office of the county clerk of Dallas county showing that they · were operating under an assumed name; that the contract for the labor and material, which was in effect the basis for appellees' suit, was in writing and between the Watson Company, Builders, and J. Bleeker & Co., subcontractors; that it was recited in said contract that "the builders had entered into a contract with the State Fair of Texas, and the subcontractors in consideration of the agreement made herein by the builders agreed as follows"; that it was signed Watson Company, Builders, by J. L. Babcock, vice president, and J. Bleeker & Co., subcontractors, by J. Bleeker; that throughout the· contract Watson Company was referred to as the "builders" and J. Bleeker & Co. as "the subcontractors." That appellant Watson did not do business under the trade-name of Watson Company, Builders. The contract was with the Watson Company, a corporation. As to whether or not the citation issued in said cause was served on appellant George Watson, as was indicated by the officer's return thereon, appellant Watson testified that said citation was not served on him, and that he knew nothing of the suit pending against him until after the judgment by default.

J. L. Babcock, vice president of the Watson Company, testified in reference thereto as follows:

"Watson was not in the office that day, and Mr. McClure left the citation with me, as he had done on other occasions when the corporation itself was in litigation. I laid the citation on my desk and overlooked giving it to Mr. Watson. I do not know why I forgot it, unless because of the fact that it was my duty to look after all such matters for the Watson Company, and it just slipped my memory. I do not know of my own knowledge that Mr. Watson did not see the citation, but I do know that it was left with me and that I did not give it to Mr. Watson. It remained on my desk until I sent it to our attorneys after I learned a judgment had been taken against Watson Company, Builders."

J. F. McClure, the deputy sheriff who made the return of said citation, testified in support of same as follows:

"I serve as many as twelve citations some days. I do not remember serving this particular citation on George Watson. I only know that my return states that I did, and I do not make false returns. I always serve the person named in the citation; that is what I base my testimony on. I always make a pencil notation of the hour and date I make the service, and that evening or night when I have time I make my return on all citations that I served that day. I know Mr. Watson, and have served citations on him before; that is the man I served (pointing to defendant George Watson). I have served other citations on Watson·Company, and I remember at some time having served one on Mr. Babcock. Of course I cannot remember the dates of the particular times."

Appellants' petition was entitled "J. Bleeker et ux. y. Watson Company, Builders," which title ran throughout the record, including a similar indorsement on the citation.

[1, 2] Appellants contend that appellees' petition as verified was not·sufficient to support the judgment by default as on a sworn account, (1) because the action was not founded upon an open account within the meaning of article 3712, V. S. T. C. S., relating to suits on itemized sworn accounts; (2) because said petition, if intended to take the place of such account, was not verified as required by said article 3712.

Appellees' cause of action was alleged as follows:

"That heretofore, on the 25th day of May, A. D. 1922, the defendant employed plaintiffs to render service, perform labor, furnish material and supplies, and do a certain kind of work for him as a subcontractor in constructing, overhauling, repairing and finishing and doing a certain kind of sheet metal work on a certain building in the fair grounds in the city of Dallas, for which the defendant promised to pay the sum of $536; * * * that plaintiffs have duly performed and rendered services as aforesaid, whereby the said sum of $536 has become due plaintiffs from the defendant."

Both of said propositions must ·be sustained, because the cause of action as alleged was not liquidated nor was it proved by an instrument in writing, and, further, the action was not founded upon an open account and the verification of the petition did not show, nor did the petition show, that the facts were within the knowledge of the affiant, nor that the demand was just and true, nor that all just and lawful offsets, payments and credits had been allowed. Article 3712, V. S. T. C. S.; Tankersley v. Martin-Reo Sales Co. (Tex. Civ. App.) 242 S. W. 328; Wall & Carr v. J. M. Radford Gro. Co. (Tex. Civ. App.) 176 S. W. 786; McDaniel v. Nat. S. L. Co., 112 Tex. 54, 244 S. W. 137; Brin v. Wachusetts S. Co. (Tex. Civ. App.) 43 S. W. 295; Baggett v. Sheppard (Tex. Civ. App.) 110 .S. W. 952; Hughes v. Potts, 39 Tex. Civ. App. 179, 87 S. W. 708; Gillmore v. Dunson, 35 Tex. 436.

[3] It was contended by appellees in the

court below that said questions should not be considered by the court because same were not included in appellants' motion to set aside the judgment by default. Acting in approval of such objections, the trial court refused to consider same in connection with and as a part of appellants' motion. This was error. It was not necessary that said issues should have been contained in appellants' motion to set aside the default judgment, and here this was especially so as the vice appeared on the face of the petition, which was the basis for the judgment rendered and sought to be set aside by said motion. Tankersley v. Martin-Reo Sales Co., supra; Hess & S. Eng. Co. v. Turney, 109 Tex. 208, 203 S. W. 593. As to this court, the questions were properly raised and presented by assignment of error.

[4] The petition stated no cause of action and sought no judgment against the Watson Company, Builders, and no citation was issued to or served upon it. Therefore the judgment as rendered against Watson Company, Builders, was wholly unauthorized, and cannot be sustained upon any theory, for, if appellant Watson, had been doing business in the trade-name of "Watson Company, Builders," a judgment properly rendered on appellees' cause of action as alleged should have been against George Watson, individually, doing business in the trade-name of the Watson Company, Builders, and should not have been so rendered and entered as on its face to be against two parties, to wit, against George Watson, individually, and against the Watson Company, Builders. There was no evidence that appellant Watson had done business under or in the trade-name of Watson Company, Builders, and the contract introduced in evidence conclusively established that, if appellees had any cause of action, it was against the Watson Company, a corporation. The word "builders" used in the contract was merely descriptive of Watson Company, just as the word "subcontractors" used therein was descriptive of J. Bleeker & Co.; one referring to the fact that the Watson Company was to be known in said contract as, and to occupy the relation of, a builder, while, on the other hand, the other term was to designate and to apply to J. Bleeker & Co. as subcontractors in the performance of the work contracted by them to be performed for the Watson Company as builders. The word "builders," under a most favorable strained construction to sustain appellees' position, cannot be held to have formed a part of the name of the party contracting with "J. Bleeker & Co."

As to the service of the citation having been made on appellant George Watson as per the return of the officer indorsed thereon, the said return stands almost alone against the positive testimony of Watson and Babcock to the effect that said citation was not served on appellant Watson by delivering a copy to him in person, the testimony of the officer who served the citation not being positive in any respect except as to the fact that he had received the citation for service and that he did not recollect delivering it in person to Watson, but proceeds to argue from the fact that his return showed the service on him (Watson), and, as he did not make false returns, that therefore he must have served the citation on Watson as stated in his return. This evidence is argumentative and not a positive statement of any fact contradicting the evidence of the witnesses Watson and Babcock.

The surrounding facts, to wit, the fact that the citation was indorsed "J. Bleeker et ux. v. Watson Company, Builders," that the officer had served other citations on the Watson Company, a corporation, by delivering copy to Mr. Babcock, its vice president, and that the officer did not at that time make his return, but waited several hours to do so, as shown by his testimony, easily accounts for the variance between the actual service and the return, and shows that the officer, although honest, could be mistaken with reference to what in fact did take place as contradistinguished from what he intended to do, and that, too, without imputing to him in the slightest the making of a false return, for that could only exist where the officer had deliberately and knowingly entered a return contrary to the act performed by him.

[5] We therefore hold that not only the great preponderance of the evidence established that the citation was not served in person on George Watson, but, further, that to do so would be practically to hold contrary to the evidence introduced on that phase of the case. The evidence, beyond the peradventure of a doubt, and that, too, without the slightest contradiction from any source, established the existence of a meritorious and complete defense to the cause of action alleged by appellees against appellant George Watson, and, further, that he instituted proceedings to have the default judgment thus rendered against him set aside as soon as he was apprised that same had been entered against him individually, and, further, that he had no knowledge that said suit had been brought and was pending against him individually until after said judgment had been entered. Certainly a litigant should not be deprived of valuable rights without having an opportunity to be heard in the protection of same—in other words, his day in court—and especially when the litigant, without the assistance of any neglect or default on his part, has been denied the opportunity of being so heard.

[6] The court refused to approve statement of facts showing the evidence on which the judgment by default had been rendered.

This was error. The filing of the motion to have the judgment by default set aside challenged the validity of same, especially where its invalidity appeared upon the face of the proceedings necessarily existing in the case and on which the judgment must have been entered. Therefore, without a direct reference being made to the character of evidence or the want of sufficient legal evidence to support the judgment, appellant had the right to introduce testimony to establish what evidence was before the court on which it predicated the judgment by default. The statement of facts containing the evidence introduced upon which the judgment by default was rendered should have been allowed and approved by the court. Tankersley v. Martin-Reo Sales Co., supra, in which the court held that—

"A defendant, appealing from a judgment rendered against her by default, can assign error in the admission of the incompetent evidence, even though the admission of such [evidence] was not made a ground of her motion for new trial, and such evidence can be considered on appeal, even though its admission was not a fundamental error. * * * Evidence which was incompetent on the issues does not sustain a finding of the court, even though it was admitted without objection."

The judgment of the court below is reversed, and the judgment by default rendered against appellants, Watson Company, Builders, and George Watson, is vacated and set aside, and the trial court will proceed to try said case on the issues that may be presented by the pleadings of the respective parties now on file, or which may hereafter be filed, so as to dispose of the case on its merits.

Reversed and remanded, with instructions.